RAILWAY COMPANY *v.* LEWIS.

(*Knoxville.*   October 4, 1890.)

1. INTERSTATE LAW.   *Decisions of Courts of another State followed by our Courts, when.*

In suits brought in Courts of this State to recover for personal injuries inflicted in another State, the law affecting the merits of the controversy, as declared by the Courts of the latter State, controls when in conflict with the decisions of our own Courts.

(See Railroad *v.* Foster, 10 Lea, 351.)

2. SAME.   *Same.   Case in judgment.*

Suit against railway company by its employe for personal injuries inflicted in Georgia.   There was proof tending to show plaintiff guilty of contributory negligence.;   The Court charged in conformity to the Tennessee decisions on this point, which differ materially from the Georgia cases.

*Held:* This was error.   The Court should have charged the law as declared by the Georgia Courts.

---

FROM BRADLEY.

---

Appeal· in error from Circuit Court of Bradley County.   ARTHUR TRAYNOR, J.

W. M. BAXTER and MAYFIELD & SON for Railway Company.

S. P. MADDOX for Lewis.

TURNEY, Ch. J. This suit was brought to recover damages for injuries received by an employe in Georgia. The Georgia law governs.

There is in the transcript evidence tending to show negligence on the part of the defendant in error at the time of the injury.

The Court charged the jury: "If the defendant's negligence was the direct or proximate cause of the injury, the plaintiff can recover, even though the plaintiff may have been at fault, if his fault was less in degree than that of defendant," etc.

This was error. The rule as laid down in 58 Ga. R., 485, is "to make a *prima facie* case for recovery, a railroad employe, suing the company for a physical injury resulting from an act in which he participated, must prove either that he was not to blame or that the company was. The latter, in reply, may defend successfully by disproving either proposition—that is, by showing that the plaintiff was to blame or that the company was not. If both were to blame, or if neither was, the plaintiff cannot recover."

The Court should have so charged. The rule in Tennessee is not applicable to the case.

Reverse and remand.