(95 South. 876)

## CAINE v. ST. LOUIS & S. F. R. CO.
### (6 Div. 785.)

(Supreme Court of Alabama. April 5, 1923.)

1. **Courts 8—Right of action arising in sister state governed by law of that state, and remedy governed by law of forum.**

Though the statutes of a sister state have no extraterritorial force, yet rights acquired thereunder will in comity be enforced, if not against the public policy of the laws of the state in which redress is sought, and in such cases the law of the place where the right was acquired or the liability incurred will govern as to the right of action, while all that pertains merely to the remedy will be controlled by the law of the state where the action is brought, whether the action be ex contractu or ex delicto.

2. **Negligence 97—Comparative negligence rule prevails in Oklahoma.**

The rule of comparative negligence prevails in Oklahoma.

3. **Negligence 136(26)—Contributory negligence question for jury under Oklahoma law.**

Under the law of Oklahoma (Const. art. 23, § 6), contributory negligence is always a question of fact for the jury.

4. **Death 35—Oklahoma law of comparative negligence enforceable in Alabama.**

There is nothing in the doctrine of comparative negligence, as prevailing under the law of Oklahoma, making contributory negligence a question of fact for the jury in all cases, which is repugnant to the policy of the law of Alabama, so as to prevent its enforcement in an action for wrongful death based on the law of Oklahoma.

5. **Negligence 103½—Lex loci delicti governs defense.**

Matters of defense, such as contributory negligence, must be determined in accordance with the lex loci delicti.

6. **Negligence 103½—Pleas setting up contributory negligence as complete defense to action under Oklahoma law demurrable.**

Where the complaint disclosed a right action for negligence based on the laws of Oklahoma, under which the rule of comparative negligence prevails, pleas setting up contributory negligence as complete defense were subject to demurrer.

Appeal from Circuit Court, Fayette County; J. J. Curtis, Judge.

Action for damages by F. E. Caine as administrator of the estate of Franklin P. Perkins, deceased, against the St. Louis & San Francisco Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Robert E. Smith, of Birmingham, for appellant.

The right to recover damages in an action ex delicto arising in a foreign jurisdiction is governed by the lex loci, and not by the lex fori. N. P. Ry. Co. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978, 38 L. Ed. 958; R. R. Co. v. Sullivan, 120 Fed. 799, 57 C. C. A. 167, 61 L. R. A. 410; 5 R. C. L. 1044; Falls v. U. S. Savings L. & T. Co., 97 Ala 417, 13 South. 25, 24 L. R. A. 174, 38 Am. St. Rep. 194. Under the law of Oklahoma, the doctrine of comparative negligence applies, and the question becomes one of fact, to be submitted to the jury for determination. W. F. Ry. Co. v. Groves, 81 Okl. 34, 196 Pac. 677; C., R. I.

& P. R. Co. v. Cole, 251 U. S. 54, 40 Sup. Ct. 68, 64 L. Ed. 133; St. L. & S. F. Ry. Co. v. Jones, 78 Okl. 204, 190 Pac. 385, 16 A. L. R. 1048; Neversweat Min. Co. v. Ramsey, 84 Okl. 128, 202 Pac. 787; Sapulpa Ref. Co. v. Sapulpa, 84 Okl. 93, 202 Pac. 780. The effect of contributory negligence to defeat or limit a right of action arising in another state is determined by the lex loci delicto. L. & N. v. Whitlow's Adm'r, 19 Ky. Law Rep. 1931, 43 S. W. 711, 41 L. R. A. 614; Clark v. Russell, 96 Fed. 900, 38 C. C. A. 541; Voshefskey v. H. C. & I. Co., 21 App. Div. 168, 47 N. Y. Supp. 386; Bridger v. A. & S. Ry. Co., 27 S. C. 456, 3 S. E. 860, 13 Am. St. Rep. 653; E. T. Ry. Co. v. Lewis, 89 Tenn. 235, 14 S. W. 603; Helton v. A. M. Ry. Co., 97 Ala. 275, 12 South. 276.

Bankhead & Bankhead, of Jasper, for appellee.

There can be no recovery in Alabama for injuries received in another state, unless actionable by the laws of the state where received. Watford v. Ala. Fla. Lbr. Co., 152 Ala. 178, 44 South. 567. Questions of evidence and the mode of trial, including the form of pleading, are governed by the laws of the forum. 5 R. C. L. 1045; Jones v. C., St. P. & M. Ry. Co., 80 Minn. 488, 83 N. W. 446, 49 L. R. A. 640; Harrison v. Edwards, 12 Vt. 648, 36 Am. Dec. 364; Helton v. A. M. Ry. Co., 97 Ala. 275, 12 South. 276; 10 R. C. L. 862.

GARDNER, J. Appellant as administrator of the estate of F. P. Perkins, deceased, brought this action for damages against the appellee for wrongfully causing the death of his intestate, a resident of Fayette county, at Valliant, Okl., on December 6, 1920.

The complaint as amended contained three counts charging simple initial negligence, subsequent negligence, and wantonness, respectively, and disclosed upon its face that each count was predicated upon the homicide statute of Oklahoma, which is set out therein, and appears to bear much similarity to the statute of that character existing in this state. Among other defenses interposed, the defendant pleaded contributory negligence on the part of plaintiff's intestate as a bar to the right of recovery upon that count, predicated upon simple initial negligence of the defendant. Plaintiff's demurrer to these pleas raise the point that they did not disclose that the matters therein stated constituted a defense to the cause of action predicated upon the law of Oklahoma. The demurrer was overruled. Evidence was offered by the respective parties, and at the conclusion of the testimony the court gave the affirmative charge in favor of the defendant, evidently upon the theory, as we gather from the record, that the pleas of contributory negligence had been sustained by the proof.

[1] This cause of action arose under the laws of Oklahoma, where the accident occurred, which resulted in the death of plaintiff's intestate. While it is well recognized that the statutes of another state have no extraterritorial force, yet rights acquired thereunder will always, in comity, be enforced, if not against the public policy of the laws of the state where redress is sought. "In such cases the law of the place where the right was acquired, or the liability was incurred, will govern as to the right of action, while all that pertains merely to the remedy will be controlled by the law of the state where the action is brought. And we think the principle is the same, whether the right of action be ex contractu or ex delicto." Herrick v. Minneapolis & St. L. R. Co., 31 Minn. 11, 16 N. W. 413, 47 Am. St. Rep. 771; North Pac. R. Co. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978, 38 L. Ed. 958; Helton v. Ala. Mid. R. R., 97 Ala. 275, 12 South. 276.

[2, 3] Under the law of Oklahoma the rule of comparative negligence prevails and contributory negligence on the part of plaintiff is not a bar to the right of action, but presents merely a question of fact for the jury, as disclosed by the following quotation from Wichita Falls, etc., Ry. Co. v. Groves, 81 Okl. 34, 196 Pac. 677:

"It is next contended that the court erred in submitting the case to the jury for the reason the evidence is conclusive that plaintiff was guilty of contributory negligence and therefore cannot recover. The uniform holding of this court in construing section 6, art. 23, of Constitution, has been that the question of contributory negligence is always a question of fact to be submitted to the jury."

See, also, as directly in point, Dickinson v. Cole (Okl. Sup.) 177 Pac. 570, reviewed by the Supreme Court of the United States, and there affirmed in Chi., R. I. & P. Ry. Co. v. Cole, 251 U. S. 54, 40 Sup. Ct. 68, 64 L. Ed. 133.

[4] There is nothing in the foregoing rule so contrary to the policy of the law of this state as to prevent its enforcement here. North. Pac. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978, 38 L. Ed. 958; Ill. Cent. v. Ihlenberg, 75 Fed. 873, 21 C. C. A. 546, 34 L. R. A. 393.

[5] The question, therefore, presented by the action of the court in overruling the demurrer to the pleas of contributory negligence, is whether or not upon the question of contributory negligence the law of Oklahoma should control. Our investigation discloses that the following quotation from 5 R. C. L. § 135, p. 1044, is well supported by the authorities:

"All matters of defense to an action such as the fellow servant rule, contributory negligence, assumption of risk, etc., are to be determined in accordance with the lex loci deliciti."

See, also, L. & N. R. Co. v. Whitlow, 105 Ky. 1, 43 S. W. 711, 41 L. R. A. 614; E. Tenn.,

V. & G. Ry. Co. v. Lewis, 89 Tenn. 235, 14 S. W. 603; Bridger v. Asheville & S. R. Co., 27 S. C. 456, 3 S. E. 860, 13 Am. St. Rep. 653; Voshefskey v. Hillside Coal & Iron Co., 21 App. Div. 168, 47 N. Y. Supp. 386; Clark v. Russell. 97 Fed. 900, 38 C. C. A. 541; 7 Ann. Cas. 257. note.

There is some difficulty at times in drawing the distinction between those matters which inhere in and pertain to the right of action itself and those which pertain to the remedy and procedure merely. The direct question here presented was before the Supreme Court of Kentucky in the case of L. & N. R. R. Co. v. Whitlow, supra. In that case the suit was by the administrator and was brought in a Kentucky court upon a cause of action, ex delicto, arising in the state of Tennessee. Under the law of Tennessee contributory negligence did not bar a recovery, but merely served to reduce or mitigate the damages, while under the law of Kentucky contributory negligence was a complete defense. In a well-reasoned opinion the court held that the law of Tennessee as to contributory negligence should be applied, and from that opinion we take the following pertinent excerpt:

"From all the facts attending the injury, it must be determined whether the defendant has incurred a liability for damages and the extent of it. The law of Tennessee must govern in fixing the liability and the quantum of recovery. It would be strange to apply the law of Tennessee in determining. the question of liability, and take the law of the forum to fix the measure of recovery. It would be stranger still for the court to hold that the law of Tennessee should govern in fixing the. liability; then apply the law of Kentucky, which would prevent a recovery, although a recovery is authorized by the law of Tennessee. It would be in one breath declaring the Tennessee law should determine the liability, and in the next instant adjudging that Kentucky law shall determine the liability and defeat a recovery. Suppose that, under the laws of this state, contributory negligence was not available in an action for the negligent killing of a human being, but in Tennessee it was. Could it be said, in an action brought in this jurisdiction for the negligent killing in Tennessee, that the law in that state allowing such a plea was not available as a defense because it related, not to the right of action, but to the remedy? It could not be said it pertained to the remedy. It would be a fact that would in part determine the question of liability or of the right of action. The conduct of the intestate is part of the facts from which the liability of the defendant is fixed, and measures the relief to which the personal representative is entitled."

The reasoning and common sense of the Kentucky court in the above cited opinion commends itself to our judgment, and we approve the holding of that court. Indeed, while the question was not determined by this court in Helton v. Ala. Mid. R. R. Co.,

supra, yet we think the language of the opinion may be said to clearly indicate that this court would have reached a like conclusion.

[6] The pleas of contributory negligence were interposed to a complaint which disclosed upon its face the right of action was based upon the law of Oklahoma. These pleas purported to state a complete defense to this right of action, and therefore good pleading required that they show the matters therein set up were in fact an answer and constituted a defense to such a cause of action. In an analogous case where the right of action is based upon the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), this court has held that pleas setting up contributory negligence as a defense were defective and subject to demurrer. Porter v. L. & N. R. Co., 201 Ala. 469, 78 South. 375; Southern R. Co. v. Fisher, 199 Ala. 377, 74 South. 580. The demurrer to the pleas took the point, and should have been sustained. For this error the judgment of the court below will be reversed.

In view of another trial of the cause, it is proper to state that we are of the opinion the proof in this record fails to sustain the charge of wantonness, and that this count should be eliminated. The issues presented as to the question of negligence are matters for submission to the jury under the rule of law prevailing in the state of Oklahoma.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.