(133 So. 903)

## DOLLAHITE–LEVY CO. v. OVERTON.

### 6 Div. 839.

Supreme Court of Alabama.

ᐠ April 16, 1931.

Robert E. Smith, of Birmingham, for appellant.

Kenneth C. Charlton, of Birmingham, for appellee.

GARDNER, J.

The action is upon the common counts, and ·arises from a purchase of goods in Houston, Tex., by defendant's wife, amounting to $207.-35. The trial court gave for the defendant the affirmative charge in his behalf, and this is the sole question here presented for determination. The testimony offered ·by plaintiff was without dispute, defendant offering no proof.

Plaintiff's right to recovery is rested upon the theory that certain necessaries were sold to defendant's wife at its store in Houston, Tex., and that under the statute law of that

state the defendant and his wife became jointly and severally liable therefor. Articles 4624, 4621, Revised Civil Code of Texas; article 602, Penal Code, and articles 4613 and 4623, Civil Code, Revised Statutes of the State of Texas 1925; McKee v. Popular Dry Goods Co. (Tex. Civ. App.) 240 S. W. 567; Black v. Bryan, 18 Tex. 453. The statutes were duly offered in evidence.

█ The witness Henderson, a practicing attorney at the Houston bar, qualified as a legal expert as to the law of that state and decisions relating to such a purchase as that here involved (Smith v. Blinn, 221 Ala. 24, 127 So. 155), which testimony was without dispute and is corroborated by a reading of the above-noted authorities which he cited in substantiation of his evidence. That the articles purchased were properly considered necessaries for the wife and for which the husband may be held liable under the laws of Texas was established by the proof without conflict. It may be added that the law of this state is, in its major aspects, upon the matter here involved, in harmony with that shown to exist in Texas (8 Michie Dig. p. 431), and the enforcement of such liability in this jurisdiction would contravene no public policy here. Caine v. S. L. & S. F. R. R. Co., 209 Ala. 181, 95 So. 876, 32 A. L. R. 793.

The suit in this jurisdiction was therefore, not only authorized by the several principles of law recognized in the Caine Case, supra, but by our present statute. Section 5681, Code 1923.

There is here no occasion to review the evidence. Suffice to say the account was proven undisputedly, a statement of which was mailed to defendant without response thereto (Reed v. Robinson, 213 Ala. 14, 104 So. 130), and that the testimony of the witness Henderson establishes, without conflict, defendant's liability therefor under the laws of Texas.

██ In view of our statute and the cited authority of Caine v. S. L. & S. F. R. Co., supra, we see no impediment in the way of the enforcement of such liability in the courts of this state where jurisdiction of the person was obtained. It may be suggested that the statute of Texas (article 1840, Rev. St. 1911, Texas) stands in the way, for the reason the wife is not also sued. True, that statute provides for a joint suit against husband and wife for debts contracted by the wife for necessaries furnished herself and children, but we think very clearly that statute was not intended as having extraterritorial effect. Irene Kennamer Smith v. L. B. Goldsmith et al., post, p. 155, 134 So. 651, present term. It has application to the remedy and procedure in that state, and was not intended to affect the substantial question of liability. Upon the matter of procedure and reme-

dies, it is the settled rule that the case is to be governed by the law of the place where the remedy is sought. 5 R. C. L. p. 1042; Caine Case, supra; Helton v. Ala. Midland R. Co., 97 Ala. 275, 12 So. 276.

The action of the count in giving the affirmative charge for the defendant was error, for which the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.