37 So.2d 635

**McCALL et al. v. NETTLES et al.**

**2 Div. 257.**

Supreme Court of Alabama.

Nov. 18, 1948.

J. Massey Edgar, of Butler, for appellees.

Johnston, McCall & Johnston, of Mobile, for appellants.

FOSTER, Justice.

This suit was begun by a bill in equity filed by appellees seeking a declaratory judgment in respect to the proper interpretation of certain deeds, and fixing their respective rights in the property. The bill sufficiently shows such an actual controversy as to support the jurisdiction of the court for such declaratory judgment. Title 7, section 156 et seq., Code, Act of October 9, 1947, General Acts 1947, page 444. There is no ground of demurrer which points out a deficiency in pleading or any reason why such declaratory judgment should not be rendered. It does not always follow that a decree which over-·rules a demurrer to such a bill is an authoritative declaration of the rights of the parties, which is proper only for a final decree.

The trial court properly overruled the demurrer to the bill, but in doing so interpreted the deeds in question as passing to the grantees the surface and mineral rights with the power to lease the same, and without declaring just what was the effect of the exception in the deeds, insofar as concerned the grantors.

It is not always appropriate to make construction of an instrument on a

demurrer to the bill seeking a declaratory judgment (Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11 [7]), and we do not perform such a task as a rule unless counsel for both sides have argued the case on that basis and seem desirous of such an interpretation. Sometimes an instrument is affected by conditions surrounding the parties, and therefore a definite interpretation should not be made except on an answer and on issues so made. Fillmore v. Yarbrough, 246 Ala. 375, 20 So.2d 792; Gilmer v. Gilmer, 245 Ala. 450 (3), 17 So.2d 529; Hawkins v. Tanner, 243 Ala. 641, 11 So.2d 351.

The question argued by counsel for both sides. is whether a proper interpretation of the deeds executed by the grantors, who are appellants, except from their operation an interest in the property so conveyed. The clause is as follows:

"The grantors further except from this conveyance and reserve unto themselves, their heirs and assigns forever, fifty percentum (50%) of all rentals that may be derived from coal, oil, gas or other mineral leases in and to said other lands hereinabove described, and fifty percentum (50%) of all royalties, whether in kind or money, that may be derived therefrom."

We have numerous cases on the subject. More often in this State the question has arisen on the effect of a devise. But in our case of Powe v. Payne, 208 Ala. 527, 94 So. 587, the Court was dealing with a deed reciting that "as long as the undersigned shall live, the rents on said property shall be paid as the undersigned may direct." The Court said: "This is conceived in the brief for appellant to amount to the reservation of a life estate in the land, and properly so, we think." See, Williams v. Owens, 116 Ind. 70, 18 N.E. 389; Lake v. Sealy, 231 Ala. 466, 165 So. 399; 90 A.L.R. 772; 131 A.L.R. 1372; McIntosh v. Vail, 126 W.Va. 395, 28 S.E.2d 607, 151 A.L.R. 818.

The rule as applied to the construction of a will, which devises rents, income and profits of land, without other disposition of the property, has been often considered. If it be for a fixed period or without limitation as to time and unrestricted, it then ordinarily carries an estate in the property for that period, unless there is something in the will to manifest a different intent. For it is an interest created by implicaton. Jordan v. Walker, 201 Ala. 248 (5), 77 So. 838; Scruggs v. Yancey, 188 Ala. 682, 66 So. 23; Roberts v. Cleveland, 222 Ala. 256, 132 So. 314; 69 Corpus Juris 454, section 1516.

The clause of the deeds here in question does not except rentals or income derived from the use of the surface of the land. It only excepts fifty percent of the rentals and royalties derived from coal, oil, gas or other mineral leases.

There are no facts alleged which affect a proper interpretation of the deeds. Unless there is something brought out in the further trial of this case which would change the result, we think that the deeds reserve an interest in the minerals themselves as they are imbedded in the ground before there is an effort to extract them.

But the deeds imply a power granted to the appellees to make leases of the mineral rights, whereby rentals or royalties will be obtained in kind or money, in which the grantors will have one-half interest. The grantees in making such leases will be in a sort of trust relation to the grantors, and in exercising the power should act with the same good faith, care and diligence, which controls a trustee in performing the duties of the trust.

### Necessary Parties.

Since this is a statutory proceeding for a declaratory judgment, the court has the power to settle the controversy which exists between complainants and respondents. If someone else has a collateral interest, the statute would not require his presence in court in the controversy alleged to exist between those who are parties. Of course his rights would not be concluded. He is not a necessary party, and, therefore, the ground of demurrer on that point is not well taken.

The decree of the trial court overruling the demurrer to the bill is affirmed with an enlargement upon the opinion expressed in it.

Affirmed.

BROWN, LAWSON, SIMPSON, and STAKELY, JJ., concur.