40 So.2d 198

## ALABAMA ICE & UTILITIES CO. v. CITY OF MONTGOMERY.

### 3 Div. 508.

Supreme Court of Alabama.

April 14, 1949.

Fred S. Ball, Jr., and Ball & Ball, all of Montgomery, for appellant.

R. S. Hill, Jr., and Walter J. Knabe, both of Montgomery, for appellee.

LIVINGSTON, Justice.

This is an appeal from an adverse ruling on demurrer to appellant's bill for declaratory judgment. The bill as amended shows appellant corporation to be engaged in the business of manufacturing ice, and from time to time buys diesel oil in lots of fifty gallons or more for fuel in operating diesel engines used in its manufacturing enterprise.

The diesel oil is acquired from independent dealers located outside the State of Alabama. On some occasions the independent dealer will deliver diesel oil onto appellant's premises without prior order. On other occasions appellant will "write, wire or telephone" orders for diesel oil to the independent dealers located outside the State of Alabama.

The City of Montgomery by ordinance levies a license on distributors, sellers, retail dealers or storers of liquid motor fuels. It is not contended that appellant is a distributor, seller or retail dealer, but does store diesel oil on its premises in lots of fifty gallons or more.

There is no doubt that the bill shows such an actual controversy as to support the jurisdiction of the court for a declaration of rights under sections 156 et seq., Title 7, Code of 1940. However, as was said in the recent case of City of Bessemer v. Bessemer Theatres, Inc.,[1] 39 So.2d 658, 660:

1. Post, p. 117.

"It is not always appropriate to make a construction or determination of rights or status on a demurrer to a bill seeking a declaratory judgment. Daniel Y. McCall v. J. R. Nettles et al., 251 Ala. 349, 37 So.2d 635; Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11. Ordinarily where the bill for a declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. As pointed out in Alabama State Milk Control Board v. Graham, supra, the test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. It was further pointed out that if the complaint states the substance of a bona fide justiciable controversy which should be settled, a cause of action for a declaratory judgment is stated and the demurrers should be overruled."

Ordinarily, we will not construe a statute or ordinance on appeal from a ruling on demurrer, unless counsel for both sides have argued the case on that basis and seem desirous of such an interpretation. McCall v. Nettles, et al., 251 Ala. 349, 37 So.2d 635.

As treated in briefs of counsel, and we will so consider it, the decisive point is whether or not appellant is a "storer" within the definition contained in the ordinance which reads as follows:

"Section 1(e). The term 'storer' means and includes any person, as the word 'person' is above defined, who ships or causes to be shipped gasoline, as the word 'gasoline' is above defined, kerosene oil, or lubricating oils or greases, into the City of Montgomery, Alabama, or its police jurisdiction, in lot quantities of as much as fifty gallons, and there stores the same and withdraws or uses the same for any purpose."

■ Counsel for appellant lays much stress upon the argument that to be a storer under section 1(e), supra, appellant must "ship or cause to be shipped" gasoline in lots of as much as fifty gallons into the City of Montgomery. Following this line of argument, we find that by striking out the words immediately following the second comma in section 1(e) (who ship or cause to be shipped * * *) the definition would be incomplete and without meaning. Under this section of the ordinance it would appear that one sought to be classified as a "storer" must first "ship or cause to be shipped," etc., gasoline in lots of fifty gallons or more for storage. So viewed the argument of appellant seems well founded.

■ Taxing statutes are to be strictly construed against the taxing power. Gotlieb v. City of Birmingham, 243 Ala. 579, 11 So.2d 363. And as a matter of course this rule is alike applicable to municipal ordinances of this character. Anderson v. City of Birmingham, 205 Ala. 604, 88 So. 900.

■ Viewing the allegations of the bill we are unable to conclude that appellant is a "storer" within the definition contained in the ordinance. Appellant certainly is not a shipper, but the City of Montgomery contends that by ordering the fuel in the manner heretofore set out appellant "causes to be shipped" the fuel oil in quantities of fifty gallons or more for storage.

Webster's New International Dictionary (Second Edition) defines the word "ship" as meaning "to transport, or commit for transportation." In the case of Arnold v. United States, 8 Cir., 115 F.2d 523, 527, the court said the words " 'ship' or 'cause to be shipped' ordinarily apply to transportation by common carrier." It is very commonly used as meaning the act of delivering to a carrier for shipment. Harrison v. Fortlage, 161 U.S. 57, 16 S.Ct. 488, 40 L.Ed. 616; State v. Carson, 147 Iowa 561, 126 N.W. 698, 699, 140 Am.St.Rep. 330. In State v. Carson, supra, it is said:

"The word 'ship,' as therein used, must be given its usual and ordinary meaning, for there is nothing in the law itself which indicates a different legislative intent. The words 'ship' and 'shipment' are now generally used to express the idea of goods

134

delivered to carriers for the purpose of being transported from one place to another, and such signification is given to them by lexicographers generally."

Appellant exercises no control over the means of transportation of the oil ordered from independent dealers. On all occasions the oil is delivered onto the premises of appellant and paid for on delivery. To say that the placing of an order or the purchasing of a commodity is tantamount to "causing to be shipped" would be placing a strained construction on the meaning of the words contained in the ordinance.

However reasonable and thought provoking the argument may be that the city is levying a license upon the storage of a dangerous inflammable commodity in lots of fifty gallons or more, the clear and unambiguous wording of the ordinance falls far short in this regard.

In Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 263, 76 L. Ed. 422, cited with approval in the Gotlieb case, supra, that court said:

"It is elementary that tax laws are to be interpreted liberally in favor of taxpayers, and that words defining things to be taxed may not be extended beyond their clear import. Doubts must be resolved against the government and in favor of taxpayers."

The statutes under consideration in State v. City of Montgomery, 228 Ala. 93, 151 So. 856, and in City of Birmingham v. State, 233 Ala. 138, 170 So. 64, contain no such language as the ordinance here in question. The statute under consideration in the latter case defined "storer" as "any person *who ships or causes to be shipped or receives,* gasoline into this state," etc. Code 1940, Tit. 51, § 646.

In State v. City of Montgomery, supra, the city by plea was admitted to be a "shipper" under the definition contained in the statute there under discussion.

It follows that the judgment appealed from must be, and is, reversed and the cause remanded.

Reversed and remanded.

BROWN, SIMPSON, and STAKELY, JJ., concur.