66 So.2d 455

**ATKINS et al. v. CURTIS.**

6 Div. 452.

Supreme Court of Alabama.

May 14, 1953.

Rehearing Denied June 30, 1953.

Si Garrett, Atty. Gen., and M. Roland Nachman, Jr., Wm. H. Sanders and Mary A. Lee, Asst. Attys. Gen., for appellants.

314

Wayne H. Weaver, Haleyville, for appellee.

## PER CURIAM.

This is an appeal by respondent from a decree overruling a demurrer to a bill which seeks a declaratory judgment under section 156 et seq., Title 7, Code.

We have repeatedly held that when the bill of complaint alleges facts sufficient to entitle complainant to a declaratory judgment settling the controversy, it is not subject to demurrer in respect to the specific relief prayed for, and the decree of the court will ordinarily not be reviewed on appeal to that extent. But this Court has done so when counsel on both sides have argued the case on appeal on that basis and seem desirous of a decision through that procedure, Alabama Ice and Utilities Co. v. City of Montgomery, 252 Ala. 131, 40 So.2d 198, and when there is no factual controversy between the parties that can arise and be made available by answer and where only a question of law is presented for decision, the Court will in its discretion make response to the legal question raised by demurrer. Evers v. City of Dadeville, 258 Ala.Sup. 53, 61 So.2d 78.

Counsel on this appeal have argued the merits of their controversy without objection to its consideration on a review of the decree on demurrer. It appears to be only the matter of the constitutionality of an act of the legislature which affords the controversy, with no prospect for controverted facts. The Court has decided to respond to the arguments made, noting also that the effect is a matter of state-wide importance.

It relates to Act No. 694 of the legislative session of 1951, General Acts 1951, p. 1195, constituting sections 109 to 116, Title

49, Code, Pocket Part. This Act was approved September 5, 1951 and made effective on October 1, 1951. And on the same day, effective·at the same time, Act No. 703 was approved, p. 1211. Sections 17(2) to 17(35), Title 49, Code, Pocket Part. They relate to the same general subject.

It would not be advisable here to rehearse the full import of those acts. They supplement the benefits provided for in Title 44 of the Code, and provide for the poor of the State who are in need of the State's aid. The Acts of 1951, supra, set up machinery to obtain benefits for such indigent needy under an Act of Congress. Under such plan the United States furnishes a greater part of the necessary funds.

Under the Act here in question, section 109, supra, it becomes necessary for the county unit having jurisdiction to investigate the financial condition of the applicant's living husband, wife, father, mother, son or daughter, or any and all of them, including their income. When this is done, the county unit will fix, section 110, supra, the financial liability of each such relative for contribution to the applicant's support in accordance with the contribution scale set out by the Act, which is section 111. This is computed on a proportionate amount of such relative's gross income over and above an amount set by the scale affected by the number of his dependents.

In the instant case the amount so computed is not controverted. It is based on the fact that the indigent aged person has a son residing in Mississippi, having an income of $381 a month. The base figure in the scale applicable to him is $350. That amount is deducted from $381, leaving $31, one-half of which or $15.50 was deducted, according to the Act, from the allowance found to be proper for the indigent's support. None of those figures are controverted.

The trial court merely overruled the demurrer to the bill. The bill prays for a decree declaring the Act No. 694 to be null and void and unconstitutional. The bill alleges that it violates sections 88, 45 and 23 of the Alabama Constitution and the Fourteenth Amendment to the Federal Constitution. The various reasons why it is claimed that the Act violates those constitutional provisions are stated in the bill and argued by appellee in brief. Appellant's argument is in response to that line of thought.

Section 88 of the Alabama Constitution of 1901 makes it the duty of the legislature to require the several counties to make adequate provision for the maintenance of the poor. Appellee points to the fact that this is a mandatory duty. But of course there is no way to force the legislature to perform that duty, although it has always undertaken to do so. The old system still remaining has notoriously proven inadequate. Title 44, Code. The Acts here referred to are another effort toward compliance.

Appellee first argues that the Act No. 694 takes the burden off the counties to a large extent and puts it on the relatives of the indigent aged. The argument is that instead of the legislature requiring the counties to care for their poor, the Act serves to relieve them and require certain relatives to do so.

That argument cannot be sustained. The legislature may have, and probably did, theorized that a person is not indigent when a. husband, wife, father, mother, son or daughter is financially able to support him within the limits set by the Act. The Act does prescribe a duty on the part of such relative, which was not in all respects a common-law duty. A man is under a common-law duty to support his wife and minor children, Scott v. Scott, 247 Ala. 598, 25 So.2d 673, but ordinarily not ·his adult children nor parent, nor a wife to support her husband. 70 C.J.S., Paupers, § 60, p. 105; 67 C.J.S., Parent and Child, § 17, p. 704; Murrah v. Bailes, Judge, 255 Ala. 178, 50 So.2d 735. But there is no constitutional objection to the legislature, under its broad police power, creating such a duty. 70 C.J.S., Paupers, §§ 58–60, pp. 101–102; Murrah v. Bailes, Judge, supra. It had been done by section 8, Title 44, Code, when the relative was indigent.

Appellee also argues that this power should not extend to such a require-

ment other than to reimburse the county as in section 8, Title 44. When such a valid duty exists (regardless of the source of the duty), a court of equity generally has the power to enforce it, as when a wife seeks a decree for maintenance without a divorce, Ex parte Hale, 246 Ala. 40, 18 So.2d 713, or when equity is invoked to require a father to perform his duty to support his minor children. Scott v. Scott, 247 Ala. 598, 25 So.2d 673; 67 C.J.S., Parent and Child, § 20, pp. 706, 707. There is no fault to find in expressly conferring that jurisdiction on an equity court.

 When the Constitution makes it the duty of the legislature to require counties to support their poor, it does not deprive the legislature of the power to declare who constitute the poor, and what circumstances are controlling in that respect, provided their act in doing so is a fair exercise of their authority. The Act in question properly interpreted is that a person is not indigent (or poor) when there is a living husband, wife, father, mother, son or daughter who possesses a certain amount of income over and above what is necessary to care for his own dependents, and when it makes a proportionate amount of such excess the measure of the obligation and duty of such relative.

It is said generally in 70 C.J.S., Paupers, § 60, p. 102, that "The statutes requiring a relative to support a poor person have no extraterritorial force and will not be enforced by the courts of other jurisdictions". It is said in 15 C.J.S., Conflict of Laws, § 3, p. 833, that the rule is "universally reiterated, that no law, statute, or otherwise has any force or effect of its own beyond the limits of the sovereignty from which its authority is derived". But 15 C.J.S., Conflict of Laws, § 3, p. 834, "every person who is found within the limits of a government, whether for temporary purposes or as a resident, is bound by its laws so far as they are applicable to him". Ketcham v. Ketcham, 176 Misc. 993, 29 N.Y.S.2d 773 (20 to 22).

 The result in connection with our section 97, Title 7, Code, and our cases, Dollahite-Levy v. Overton, 223 Ala. 12, 133 So. 903, and Caine v. St. L. & S. F. R. Co., 209 Ala. 181, 95 So. 876, 32 A.L.R. 793, seems to be that if a right or claim against some person becomes vested under the laws of a state while he is in the state and it is transitory, it accompanies the debtor into another state if he goes there and may be subject to suit there, but a state law does not reach into another state except as it goes with the debtor, and does not operate upon him in another state so as to put upon him there a personal burden. 15 C.J.S., Conflict of Laws, § 3, p. 840 notes 37–38; So. Pac. R. Co. v. Gonzalez, 48 Ariz. 260, 61 P.2d 377, 106 A.L.R. 1012; Loucks v. Standard Oil Co., 224 N.Y. 99, 120 N.E. 198; Curtis v. Campbell, 3 Cir., 76 F.2d 84, 85, certiorari denied, 295 U.S. 737, 55 S.Ct. 649, 79 L.Ed. 1685; Howarth v. Lombard, 175 Mass. 570, 56 N.E. 888, 49 L.R.A. 301; The Titanic, 2 Cir., 233 U.S. 718, 34 S.Ct. 754, 58 L.Ed. 1171; The Vestris, D.C.N.Y., 53 F.2d 847; Gray v. Gray, 87 N.H. 82, 174 A. 508, 94 A.L.R. 1404.

In our Dollahite case, supra, the original record shows that there was evidence of the residence of Overton (defendant) in Houston, Texas, after the claim arose there. It therefore came with him to Alabama, where he was sued in that case, and the suit was sustained. The legal status of the claim was not affected by his removal to Alabama.

 That principle is argued as a reason why the Act violates section 88 of the Constitution. But that result does not follow from the principle, though the principle is not controverted. It could only serve in the instant transaction to require the county unit to fix the amount of the allowance to appellee without regard to the capacity of his son in Mississippi to contribute to the needy parent's support, in the absence of a personal liability by him to do so. The legislature probably did not intend to reduce the duty of the county to support its poor on account of a condition which is not effective in this nor any other state. But if a claim or duty under the law of this State became vested in this State it became enforceable in the state of Mississippi to which the claim went with the debtor. Loucks v. Standard Oil Co., supra; and our cases of Dollahite and Caine, supra. However, there is no allegation in the bill as to that. The burden would be on the com-

plainant to show an absence of liability by the son by allegation necessary to that end.

It is clear that in so far as any question is here presented and argued, the Act No. 694 does not violate section 88 of the Constitution. The general subject is fully discussed in 70 C.J.S., Paupers, § 59, beginning with page 101.

Appellee also insists that the Act No. 694, supra, violates section 45 of the Constitution, in that, its title is too general and indefinite in expressing its subject. Its title is as follows:

"Relating to public welfare; providing for monetary contributions to the support of certain needy persons by certain relatives thereof; prescribing the procedure for obtaining such contributions; making needy persons with certain relatives liable to contribute to their support ineligible to receive public assistance; imposing additional duties on county departments of public welfare, county solicitors and deputy circuit solicitors in connection with the administration of the Act; and authorizing the Commissioner of Public Welfare to promulgate rules and regulations for carrying out the purposes of the Act."

Generality in expressing in the title the subject of the act is usually not sufficient to support a claim that it violates section 45, supra. Such a title authorizes the inclusion in the act of all matters referable and cognate to the general subject as expressed and everything necessary to make a complete enactment regarding that subject. City of Marion v. Underwood, 231 Ala. 225, 164 So. 296; Gibson v. State, 214 Ala. 38, 106 So. 231; Ex parte Pollard, 40 Ala. 77, 98.

It is clear that the title of the Act 694 is a sufficient compliance with section 45 of the Constitution to include the matters set out in it in so far as the same have been here asserted.

It is next insisted that the Act violates section 23 of the Constitution, in that, in fixing a duty on certain relatives, it is the taking of property for a private use. Counsel refer to a statement in Beeland Wholesale Co. v. Kaufman, 234 Ala. 249, 174 So. 516, to the effect that under the Constitution the State can take property of a citizen only by taxation or eminent domain. And this cannot be done for a private person, except as authorized by the Constitution for a public purpose or to satisfy a public duty to him. The argument assumes that by this Act, the State is taking private property for the personal benefit of a private person, but it only fixes a liability on those subject to its laws to provide under reasonable conditions for assistance within defined limits to the support of their indigent relatives in close degree. The proceeding to enforce the duty thus imposed is by section 113, Title 49, Code, and must be begun by the needy person or by a relative responsible for his support. The Act does not violate section 23 of the Constitution.

The next insistence is that it violates the equal protection clause of the Fourteenth Amendment in that its effect is only upon residents of Alabama and does not, for it cannot, include, when properly applied, nonresidents of Alabama in the same degree of relationship unless they have come within its influence. The law does in terms apply to nonresident relatives in the same degree. It is not the fault of the law that for other constitutional reasons, it is not enforceable against them unless they come within its influence.

The only question here argued is the constitutionality of the Act No. 694 for its violation of sections 88, 45 and 23 of the Alabama Constitution and the Fourteenth Amendment of the Federal Constitution. That is the only question which the Court on this appeal will answer. The answer should be and is that it is not violative of those features of the Constitutions.

The result is that the demurrer to the bill should have been sustained.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court while serving on it at the request of the Chief Justice, under authority of Title 13, section 32, Code, and is adopted by the Court as its opinion.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.