PRUDENCE LIFE INSURANCE COMPANY, Plaintiff in Error, v. RICHARD S. HOPPE, Defendant in Error.—352 S. W. (2d) 244.

Western Section at Jackson. July 28, 1961.

Petition for Certiorari Denied by Supreme Court, December 8, 1961.

Hanover, Hanover, Hanover & Walsh, Memphis, for plaintiff in error.

William O. Bullock, Memphis, William G. Phillips, St. Louis, Mo., and Charles L. Watson, Memphis, for defendant in error.

BEJACH, J. The sole question involved on this appeal is whether or not Missouri law, which was expressly pleaded by the defendant, entitles the defendant, the Prudence Life Insurance Company, to have the plaintiff's suit against it in this cause dismissed. The cause was tried twice in the lower court,—the first time to a jury, at which trial, at the conclusion of plaintiff's proof the trial judge granted a motion for directed verdict in favor of defendant, and dismissed the cause. A motion for new trial was made, however, by the plaintiff,—which motion was granted, and the cause tried again. At the second trial, after all of plaintiff's proof had been introduced, defendant had rested, and renewed its motion for directed verdict, both sides waived the jury, and the cause was tried by the judge. Judgment was thereupon entered by the trial judge in favor of the plaintiff and against the defendant for the sum of $4,600 and all costs accrued; after which a motion for new trial was made by the defendant. This was overruled, and an appeal in error was perfected to this court. No bill of exceptions was filed after the first trial, but the evidence at the second trial, which it is conceded was substantially the same as at the first trial, was preserved by bill of exceptions and is before us on the present appeal. For convenience, the parties will be styled, as in the lower court, plaintiff and defendant.

Eight assignments of error have been filed in this court, which adequately cover all questions presented; and, as is stated above, the ultimate question to be decided by

this court is whether or not the Missouri law entitles the defendant, the insurance company, to a dismissal.

There is little or no dispute as to the material facts. On May 28, 1951, while living in St. Louis, Missouri, where he had resided for many years, plaintiff took out with defendant an insurance policy known as an "Income Protection Plan". Same is policy No. TJ 350367, and on the first page of the same, the following appears:

"This policy is issued in accordance with the provisions of the stipulated premium law, Article IV, chapter 37, Revised Statutes of Missouri, 1939 [V.A.M.S. sec. 377.210 et seq.]"

Two pertinent provisions of said policy appear under the heading "Sickness Benefits", and are as follows:

"Part J. Confining Sickness Benefits for Life. If sickness confines the insured continuously within doors for one day or more, and requires regular visits therein by a legally qualified physician or surgeon, the company will pay, commencing with the first such visit, benefits at the rate of the regular monthly benefit so long as such confinement remains continuous, provided said sickness causes total disability and necessitates total loss of time.

"Part K. Non-Confining Sickness Benefits. If sickness does not confine the insured continuously within doors, the company will pay, commencing with the first treatment by a legally qualified physician or surgeon, benefits at the rate of the regular monthly benefit, but not exceeding three consecutive months; provided said sickness causes continu-

ous total disability and necessitates total loss of time."

The sum of $200.00 is set out under the heading "Regular Monthly Benefits".

On April 22, 1956, when plaintiff was approximately 60 years of age, he suffered a coronary thrombosis. Plaintiff was in a hospital in St. Louis twice, during which times the defendant paid hospital benefits provided for in the policy. Also, in between the times of plaintiff's hospitalization, from May 25, 1956 to August 22, 1956, defendant paid monthly benefits of $200.00 per month under the non-confining sections of the policy. Between September 8, 1956 and December 8, 1956, defendant disallowed all benefits because plaintiff was not under the regular care of a physician. Thereafter, from December 8, 1956 to April 1, 1957, while plaintiff was again under the care of a physician, defendant made regular payments to plaintiff under the "Confining" provisions of his policy. The record shows that during this period, plaintiff went outside the house only once. From April 1, 1957, until July 1, 1957, payments were made by defendant to plaintiff under the "Non-confining" provisions of the policy. In June 1957, plaintiff moved from St. Louis, Missouri, to Memphis, Tennessee. Plaintiff claims that his move was suggested by his doctor, but we regard this as immaterial. The record shows, however, that the last time, prior to his move to Memphis, that plaintiff had seen his physician was in May 1957. The doctor testified that he did not know when plaintiff left St. Louis. While in St. Louis plaintiff was treated by Dr. Arthur H. Bindbeutel and by a Dr. Arnay. After

his move to Memphis, he was treated intermittently by Dr. Harry D. Bryan of Memphis, Tennessee.

The proof is undisputed that plaintiff had been outdoors at least five times, and it is clear from the testimony of both Dr. Bindbeutel and Dr. Bryan that they considered it beneficial for plaintiff to go outdoors from time to time.

The case turns entirely on whether or not, under decisions of Missouri courts, the fact that plaintiff has gone outdoors from time to time and has not been regularly attended by a physician, puts his claim under Part K of the policy, rather than under Part J of same. It is clear that plaintiff is totally disabled; and it is conceded that if the case were controlled by Tennessee decisions, plaintiff would be entitled to recover under the provision of Part J of the policy.

There is an annotation in 29 A.L.R. (2d) at page 1413 et seq., which collects decisions from various jurisdictions and shows both those adhering to a strict construction, and those following a more liberal trend. In this annotation, Missouri cases are shown on both sides of the question. It is earnestly insisted by counsel for plaintiff that, even under Missouri law, plaintiff is entitled to recover under the provisions of Part J.

In the case of Gordon's Transports, Inc. v. Bailey, 41 Tenn.App. 365, 386, 294 S.W. (2d) 313, this court, on authority of East Tennessee, V. & G. Ry. Co. v. Lewis, 89 Tenn. 235, 14 S.W. 603, held that where the opposite party has had adequate notice under the provisions of section 24-607, T.C.A., that law of another state will be relied on, such party is entitled to rely on the law as

reflected in the decisions of such state as well as the statute law thereof.

Counsel for plaintiff cite and rely on the following Missouri cases: Musser v. Great Northern Life Ins. Co. (1924), 218 Mo. App. 640, 266 S. W. 325; Kane v. Metropolitan Life Ins. Co. (1934), 228 Mo. App. 649, 73 S. W. (2d) 826; Conaway v. Commonwealth Cas. Co. (1931), 225 Mo. App. 421, 37 S. W. (2d) 493; and Miller v. Mutual Benefit Health & Accident Ass'n (1933), Mo. App., 56 S. W. (2d) 795. They place special emphasis on the case of Musser v. Great Northern Life Ins. Co., 218 Mo.App. 640, 266 S. W. 325, and claim that it is entitled to greater weight than the case of Lachterman v. Mutual Ben. Health & Acc. Ass'n (1935), Mo.App., 60 S. W. (2d) 646, relied on by counsel for defendant. On the other hand, counsel for defendant cite and rely on the cases of State ex rel. Commonwealth Cas. Co. v. Cox (1929), 322 Mo. 38, 14 S. W. (2d) 600; Lachterman v. Mutual Ben. Health & Acc. Ass'n (1933), Mo. App., 60 S. W. (2d) 646, and Mutual Ben. Health & Acc. Ass'n v. Cohen (1952) 5 Cir., 194 F. (2d) 232, certiorari denied by U. S. Supreme Court 343 U.S. 965, 72 S.Ct. 1059, 96 L.Ed. 1362.

Counsel for plaintiff contend that the case of Musser v. Great Northern Life Ins. Co. (1924), 218 Mo.App. 640, 266 S. W. 325, should be accorded greater weight and consideration than the case of Lachterman v. Mutual Ben. Health & Acc. Ass'n (1933) Mo. App., 60 S. W. (2d) 646, because, although earlier in·time, it is reported in the Official Reporter System of Missouri, whereas the Lachterman case, even though later in time, is reported only in the West Publishing Company's

Southwestern Reporter. We cannot subscribe to this theory. Both cases are Missouri Court of Appeals cases, and are entitled, in our opinion, to equal weight in considering the question here involved, but subject to the circumstance that the Lachterman case is later in time. Also, the Lachterman case seems to be more in harmony with the views expressed by the Supreme Court of Missouri in State ex rel. Commonwealth Cas. Co. v. Cox (1929), 322 Mo. 38, 14 S. W. (2d) 600, which was decided by the Supreme Court after the Court of Appeals decision in the Musser case, though prior to the Court of Appeals decision in the Lachterman case.

From the Supreme Court's opinion in State ex rel. Commonwealth Cas. Co. v. Cox, 322 Mo. 43, 14 S. W. (2d) 603, we quote as follows:

"In the case of State ex rel. [New York Life Ins. Co.] v. Trimble, 306 Mo. [295] loc. cit., 309, 267 S. W. [876] 880, supra, this court (en banc) said:

" 'The plain language of this policy and slip is without ambiguity and there is no room for construction. In construing it contrary to that meaning, the Court of Appeals brought its decision into conflict with the decisions of this court. Unequivocal language is to be given its plain meaning though found in an insurance contract (State ex rel. [American Fire Ins. Co.] v. Ellison, 269 Mo. [410] loc. cit. 420, [190 S. W. 897]; State ex rel. [Western Automobile Ins. Co.] v. Trimble, 297 Mo. 659 [249 S. W. 902]). This is the general rule everywhere as shown by textbooks and decisions.'

"Applying this rule to the plain unequivocal language of the insurance policy now under consideration, it seems perfectly clear that the insured (plaintiff in the original suit) is not entitled to recover sick benefits thereunder, either for the five weeks spent in the sanitarium or for the five weeks spent at home. It will be noted that the Court of Appeals applied this rule as to the five weeks plaintiff spent in his home, because *he was not 'regularly visited therein at least once in every seven days by a licensed physician,'* and for that reason held that he cannot recover sick benefits covering that period. But in dealing with language equally plain and unequivocal, that is, that *'the insured shall be continuously confined within the house,'* the Court of Appeals applied the rule of construction ordinarily applicable to insurance policies which contain ambiguous language or contradictory provisions; and giving the words 'continuously confined within the house' a liberal construction, held that plaintiff was confined to the house 'in a substantial sense' during the five weeks spent in the sanitarium, and was therefore, entitled to recover sick benefits therefor, conceding, however, that a strict construction of the words mentioned would bar such recovery. * * *

"It follows that the opinion of the Court of Appeals is in conflict with controlling opinions of this court, and that the record should be quashed. It is so ordered."

With the law in this situation, the case of Mutual Benefit Health and Accident Ass'n v. Cohen (1952), 8 Cir., 194 F (2d) 232, certiorari denied by U. S. Supreme

Court 343 U.S. 965, 72 S.Ct. 1059, 96 L.Ed. 1362, presented a case where the Federal Courts had to apply, as we do in the instant case, the law of Missouri. The U. S. District Court, 90 F.Supp. 754, decided in favor of the insured, but the Circuit Court of Appeals for the 8th Circuit reversed the District Court, and the Supreme Court of the United States denied certiorari. From the opinion of the 8th Circuit Court of Appeals at St. Louis, we qoute, as follows:

"*The Applicable Law as to Continuous Confinement.*

"This case is ruled directly by Lachterman v. Mutual Benefit Health & Accident Ass'n, Mo.App., 60 S. W. (2d) 646, 647. That case construed the identical provision ('Part H') in a policy issued by the appellant here, as well as 'Part I' hereof. * * *.

"The sole question was the application of these two 'Parts' to the facts. The agreed facts were that during one month Lachterman was confined continuously within doors, while the rest of the time he was not so confined, being frequently taken by automobile to the office of the doctor, taking an occasional walk around the block and being taken by automobile two or three times to his place of business 'to find out how his business was being conducted,' but performed no duties about his own business or * * * any kind of work'.

 *  *  *  *  *  *

"Appellee relies upon Musser v. Great Northern Life Ins. Co., 218 Mo. App. 640, 266 S. W. 325, as opposed to the Lachterman case and as governing this case. We do not here analyze the Musser opinion,

although it has been examined. Each of these cases is a decision of a Court of Appeals of the State of Missouri. We hold the Lachterman case applicable here. Even if the Musser case has ruled the same issue contrary to the Lachterman case—which we do not determine—the two decisions are by courts of the same grade in the Missouri judicial system. We should follow the Lachterman case as being the latest decision.'' Mutual Benefit Health & Accident Ass'n v. Cohen, 194 F (2d) 244.

■ We cannot do better, in the case at bar, than follow the guidance of the Federal Court, as indicated in the Cohen case. In the instant case, it is conceded that plaintiff was out of doors at least five times, and the record shows clearly that he was not regularly attended by a physician. In that situation, the Missouri law applicable to the case having been pled as a defense, we think the learned Circuit judge should have applied the Missouri law, as here interpreted, and should have dismissed plaintiff's case. We think he ruled correctly at the first trial, when he granted a directed verdict in favor of the defendant, and that his judgment in favor of plaintiff on the second trial, when the case was decided by him without a jury, was erroneous.

It results that plaintiff's assignments of error will be sustained, the judgment of the Circuit Court reversed, and plaintiff's suit dismissed at his cost and that of his surety on the cost bond filed in the Circuit Court.

Avery, P. J., (W. S.), and Carney, J., concur.