HOLMES, Judge.
The plaintiffs, Memphis Drum Service, Inc., and James A. Massey, brought suit against the defendant in the appropriate court in Memphis, Tennessee. Service of process was had upon the defendant by the “long arm” statute of Tennessee. A default judgment was entered in Tennessee and thereafter suit was filed in Birmingham, Alabama, on the Tennessee judgment.
The defendant in the Alabama court attacked the Tennessee judgment on the basis of improper service of process. The plaintiffs prevailed and the defendant appeals to this court.
The dispositive issue on appeal is whether the signing by defendant’s wife of a registered mail return receipt accompanying a Tennessee summons and complaint is appropriate service under Tennessee’s “long arm” service of process statute.
The record reveals the following: On March 23, 1977, the plaintiffs obtained a default judgment against the defendant for $2,200 in Shelby County, Tennessee. The judgment was apparently predicated on the defendant’s default on an obligation he owed plaintiffs.
Because the defendant was a resident of Alabama, the plaintiffs, pursuant to the Tennessee “long arm” statute, Tennessee Code Ann. §§ 20-235, 20-236, 20-237, and 20-240 (Supp.1978), effected service of the summons and complaint on the defendant by registered mail with return receipt. The summons and complaint were properly mailed to the defendant’s home address by *100 the Tennessee Secretary of State. On January 28, 1977, because the defendant was away from home, the defendant’s wife acknowledged receipt on behalf of her husband. The signature on the return receipt indicates that the wife signed her husband’s name rather than her own.
The record further indicates that sometime in February, 1977, the defendant was given actual notice that the summons and complaint had been delivered by virtue of the fact that the defendant’s wife showed him the papers. In March, 1977, after the defendant’s absence in court on the day set for trial, the plaintiffs took a default judgment. As an apparent predicate to execute on the Tennessee judgment, the plaintiffs brought suit in Jefferson County, Alabama, and successfully obtained summary judgment against the defendant. It is from this judgment that the defendant appeals.
The defendant, as we perceive his argument contends that the service of process was defective because service by certified mail upon the defendant’s wife is not personal service upon the defendant. Thus, the defendant maintains that the Tennessee judgment is void for lack of personal jurisdiction and consequently, summary judgment should not have been granted against him in the court below. We do not agree.
Initially, we note that the law of the forum determines the methods of serving process and giving due notice of the proceedings to the defendant. Dollahite-Levy Co. v. Overton, 223 Ala. 12, 133 So. 903 (1931); Nash v. Nash, 38 Ala.App. 682, 94 So.2d 217, cert. denied, 266 Ala. 698, 94 So.2d 223 (1957). Therefore, Tennessee law is applicable to the instant case.
With respect to the relevant Tennessee law, the Tennessee Code authorizes constructive service of process by certified mail on nonresidents who transact business in the State of Tennessee. Tenn.Code Ann. § 20-235 (Supp.1978). In order to effect service by this means, the Tennessee Secretary of State, after receiving the summons and complaint from the clerk of the court, promptly mails the papers to the defendant return receipt requested. Id. § 20-235. Upon receipt by the defendant, the Secretary of State is required to issue an affidavit to the clerk of the court setting forth that he has complied with the statute and to this is attached the certified return receipt “signed by, or duly in behalf of, the defendant.” Id. § 20-237.
In the instant case, the record reveals that these procedures were properly followed.
In addition, our review of the record indicates that the wife in fact executed the return receipt on behalf of her husband, an action which we noted above is expressly authorized by § 20-237. In her deposition, the wife testified as follows:
“Q Mrs. Sivley, do you remember receiving a Summons and Complaint against your husband, by certified mail, about a year ago, . . . ?
“A Yes. I picked it up at the Post Office.
“Q You signed the receipt for that?
“A Yes, sir.
“Q Let me show you, and I won’t identify it yet, this copy right here. Does that appear to be the certified mail receipt that you signed on that occasion?
“A Yes. That’s my handwriting.
“Q All right. And so you signed that on behalf of your husband?
“A Yes. He was out of town at the time.”
Inasmuch as § 20-237 expressly authorizes another person to accept service of process for the defendant, and the wife’s testimony indicates that she in fact accepted the process on behalf of her husband, we hold that the defendant was properly served with process by his wife’s acceptance. In view of this, we find no error in the trial court’s grant of summary judgment against the defendant.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.