YATES, Judge.
This case concerns the enforcement of a foreign judgment pursuant to the Uniform Enforcement of Judgments Act, §§ 6-9-230 through -238, Ala.Code 1975. At issue is whether under Florida’s “long-arm” service of process statute the acceptance by the defendant’s husband of a Florida summons and complaint is appropriate service on the defendant. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
Domingo R. and Brenda 0. Moreira sued Ben and Deane Moore, and others, in a Florida court of competent jurisdiction. On February 12, 1992, in the Circuit Court of Leon County, Florida, the Moreiras were awarded a judgment against the Moores. In September 1993, the Moreiras filed a copy of the Florida judgment with the Circuit Court of Winston County, Alabama, pursuant to § 6-9-232, Ala.Code 1975. The Moores moved to stay the enforcement of the judgment on October 28, 1993, alleging insufficient service of process in the underlying Florida proceeding.
A hearing was held on the motion to stay on March 16, 1995; no transcript or recording of that hearing was made. However, both parties later stipulated to certain testimony given by a witness at the hearing, as follows:
“Deputy Kim Emerson of the Winston County, Alabama, Sheriffs Department was called by the Defendants and placed under oath by the Court. Deputy Emerson testified that he was on duty on September 18, 1991, as a Deputy Sheriff in Winston County. He further testified that even though he swore under oath before Ann Waid, a Notary Public, on the Return of Service designated as Exhibit ‘A’ in the Court file that he personally served a copy of the summons and complaint on the Defendants, Dr. Ben Moore and Deane Moore, at their residence at 1002 Chick-a-kee Creek Road, Haleyville, Alabama, on September 18, 1991 at 14:05, he in actuality personally served only Dr. Ben Moore at his medical clinic in Haleyville, Alabama, on that occasion. He further testified that Dr. Ben Moore assured him that he would give a copy of the summons and complaint to his wife, Deane Moore, and that this was the standard practice in Winston County, Alabama.
“On cross-examination Deputy Kim Emerson testified that he had no personal knowledge of whether Dr. Ben Moore gave his wife a copy of the summons and complaint. Deputy Emerson testified that he had not talked with Dr. Ben Moore or Deane Moore since the date of service of September 18,1991.”
*354 On June 28, 1995, the Alabama court held that the Florida judgment was valid and enforceable against Ben Moore but that as against Deane Moore it was void for insufficient service. The Moreiras appeal, contending that the trial court erred in holding that the judgment could not be enforced against Deane Moore.
The outcome of this case is controlled by Sivley v. Memphis Drum Service, Inc., 365 So.2d 99 (Ala.Civ.App.1978). In Sivley, an Alabama defendant sought to avoid the enforcement of a Tennessee judgment against him on the grounds that he had not been personally served in the Tennessee action; he appealed to this court after the trial court held that he had been served in accordance with the provisions of the Tennessee “long-arm” service of process statute. We affirmed, noting that the law of the forum determines the method of serving process and giving the defendant due notice of the proceedings. See Dollahite-Levy Co. v. Overton, 223 Ala. 12, 133 So. 903 (1931); Nash v. Nash, 38 Ala.App. 682, 94 So.2d 217 (1956), cert. denied, 266 Ala. 698, 94 So.2d 223 (1957). Accordingly, in order to determine whether the Moreiras’ judgment may be enforced against Deane Moore, this court must examine whether Ms. Moore was properly served under the provisions of Florida’s “long-arm” service of process statute.
Fla.Stat.1994, § 48.194, governs personal service of process outside the state. Section 48.194(1) states, in part:
“(1) Except as otherwise provided herein, service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served.”
Fla.Stat.1996, § 48.031(2)(a), a provision of the Florida statute governing personal service of process generally, states in pertinent part:
“(2)(a) Substitute service may be made on the spouse of the person to be served at any place in the county, if the cause of action is not an adversary proceeding between the spouse and the person to be served, if the spouse requests such service, and if the spouse and person to be served are residing together in the same dwelling.”
As noted earlier, Deputy Emerson’s testimony, which all parties stipulated was correct, reveals that Deane Moore’s husband accepted service of process on her behalf at his clinic in Haleyville, Alabama. The Moores submitted no evidence to suggest that the foreign judgment was based on an adversary proceeding between the two of them, or that they did not reside in the same dwelling at the time of service.
When the judgment of a foreign state is properly produced at trial and verified, it is presumed that the rendering court had jurisdiction to enter the judgment. Teng v. Diplomat National Bank, 431 So.2d 1202 (Ala.1983). The burden is upon the party challenging the judgment to assert a lack of jurisdiction and to produce evidence to overcome the presumption. Teng, supra, at 1203. The Moores produced no evidence to overcome this presumption. Because Deane Moore was properly served under Florida’s long-arm statute, the trial court erred in failing to enforce the Moreiras’ judgment against her. The trial court’s judgment as to Deane Moore is reversed, and the case is remanded for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and CRAWLEY, J., concur.