# Bradshaw *v.* Emory.

*Statutory Real Action in nature of Ejectment.*

1. *What title will support action.*—In ejectment, or the corresponding statutory action, the plaintiff may, if not barred by the statute of limitations, recover against a stranger, or one showing no title, on proof of prior possession, under color of title.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. LUTHER R. SMITH.

The record in this case shows that, on the 26th October, 1878, six separate actions were commenced, in favor of Ellen Bradshaw, Harrison Eubank, Martha Eubank, Alfred Freeman, Jack Freeman, and Josiah Freeman, respectively, against Charles Emory, tenant in possession, each seeking to recover "an undivided interest" in a certain tract of land containing about four hundred acres, together with damages for its detention; that the several causes were consolidated, and an amended complaint filed, by leave of the court, in the names of all the plaintiffs jointly, claiming the entire tract

of land; and that Isaac N. Snedecor was admitted to defend as landlord. On the trial, as the bill of exceptions states, Alfred Freeman, one of the plaintiffs, testified, "that the plaintiffs went into possession of the lands sued for in this action, on or about the 1st January, 1871, under claim of title; that they occupied said land, and exercised acts of ownership over it, from the time they so went into possession, until some time in the spring of the year 1874, when the Bigby river overflowed, and washed away their houses, ruined their crop, and drowned their stock, and left them destitute; that they left the land, not voluntarily, but to keep from starving; that they cultivated said lands during the years 1871, 1872, 1873, and 1874, and claimed the same as their own, with the rents and profits arising therefrom; that they bought said lands, on or about the 27th December, 1870, from John S. Prescott, and received from him a paper, which was produced, and identified by the witness, who stated that he saw said Prescott sign the same." This paper, which was dated December 30, 1870, and signed by said Prescott, was in the following words:

"Memorandum of agreement this day entered into, by and between John S. Prescott, of the county of Clarke, State of Mississippi, of the first part, and Alfred Freeman, Jack Freeman, Ellen Freeman (by her father, Jack Freeman), Harrison Eubank and Martha Eubank, and Josiah Freeman, of the second part, witnesseth, that for and in consideration of five thousand dollars ($5,000) to him paid and secured to be paid, the said Prescott has bargained and sold to the said parties of the second part the following lands, situated in said county of Greene, in the State of Alabama, parts of the following tracts, to-wit," &c. " all lying in township twenty-one (21), range one (1) west, and containing four hundred acres, more or less, as follows: to the said Harrison, seventy-five (75) acres; to the said Martha, seventy-five (75) acres; to the said Alfred, fifty (50) acres; to the said Jack, fifty (50) acres; to the said Ellen, seventy-five (75) acres; and to the said Josiah, seventy-five (75) acres. Each of said tracts to be laid off in such way as said lands may be best divided, so that each tract may have due proportion of wood and cultivated land, and be of equal proportionate value in their respective number of acres; and to be taken and paid for at the rate of twelve dollars per acre, and to be of average value of the whole tract. And said Prescott binds himself, his heirs and assigns, to convey the above tracts, by good and perfect titles, to the said adult purchasers within twelve months from date, and to the above minors so soon as the requisite proceedings may be had, by which the money due

them as beneficiaries under the last will and testament of Richard Randolph, deceased, late of the county of Greene, and State of Ohio, can be legally invested for them in said real estate. Possession of said premises to be given to said parties on the first day of January, A. D. 1871."

This writing was acknowledged, in proper form for a deed, on the 10th March, 1871, before a justice of the peace; and was admitted to record in said county of Greene, on the 6th May, 1871. Each of the other plaintiffs testified to the same facts, in substance, as to their possession, cultivation, claim of ownership, and abandonment on account of the overflow. The delivery of the written contract was also proved, and a demand of possession before suit brought; and the reasonable rent of the premises, for each year, was also proved. " The plaintiffs then offered said writing in evidence, and stated that they had no other paper title on which they relied." The defendant objected to the admission of the writing, and the court sustained his objection, and excluded the paper; to which ruling the plaintiffs duly excepted. " The plaintiffs then offered the paper, to show how they acquired and held said lands, and the interest of each therein, and to explain the nature and claim of title to said lands;" but the court excluded it, "and would not let it be read in evidence to the jury for any purpose;" to which ruling the plaintiffs duly excepted. " The plaintiffs then closed their case, and the defendant offered no evidence; and the court thereupon charged the jury, of its own motion, that they would find for the defendant, if they believed the evidence; to which the plaintiffs duly excepted." These rulings of the court are now assigned as error.

G. B. MOBLEY, for the appellants, cited *Smoot v. Lecatt*, 1 Stew. 590; *Badger v. Lyon*, 7 Ala. 564; *Cox v. Davis*, 17 Ala. 714; *McCall v. Pryor*, 17 Ala. 533; *Clarke v. Clarke*, 51 Ala. 498; *Eakin v. Brewer*, 60 Ala. 579; Tyler on Ejectment, 825.

SNEDECOR, COCKRELL & HEAD, *contra*, cited *Bank of Kentucky v. Jones*, 59 Ala. 126; *Heydenfeldt v. Mitchell*, 6 Ala. 71.

BRICKELL, C. J.—It is a legal title, and a present right of entry and possession only, which will support an action of ejectment, or the corresponding statutory real action. A prior possession under color of title, if the plaintiff is not barred by the statute of limitations, will support the action against a trespasser, or a defendant not showing a better title. Of this, as was said in *Russell v. Erwin*, 38 Ala. 48, " the authorities are such as to leave no room for doubt."

[Block Brothers v. Maas & Block.]

Whether the contract between the plaintiffs and Prescott would have enabled them to defend, if Prescott had been suing for possession, or would have enabled them to sue him, if he had entered, is not material in this case, to which he is neither party nor privy, and in which no person claiming under him is a party or privy. The contract is color of title —shows the plaintiffs were not in possession as mere intruders, or trespassers, but had entered under a claim of right. The possession under that claim, an intruder, a trespasser, asserting no title in himself, and no right of entry derived from the true owner, cannot disturb—*Anderson v. Melear*, 56 Ala. 621.

The Circuit Court was in error in not admitting, as *color* of title, the contract between plaintiffs and Prescott, and in the charge given.

Reversed and remanded.