# Tradesmens National Bank *v.* Sheffield City Co.

*Bill in Equity to enforce Lien for Taxes.*

1. *Lien for taxes; exists as to purchaser for the particular year for which the taxes are assessed.*—The lien conferred by statute upon the purchaser at a tax sale, which is ineffectual to pass the title to the purchaser, (Code, § 4078), exists only for the taxes for the year for which the property was assessed.

2. *Same; lien for taxes paid after purchase at tax sale does not arise until after judgment in an action of ejectment.*—The lien created by statute in favor of the purchaser at a tax sale, which was invalid for any other reason than that the taxes were not due, for taxes paid subsequent to the purchase, (Code, §§ 4083-4), does not arise and is not bestowed except at the end, and as the result, of a judgment in ejectment for the land so sold; and, therefore, a purchaser at a tax sale who has subsequently paid taxes upon such property, but in whose favor there has been no judgment rendered in the action of ejectment for said lands, can not maintain a bill in equity to enforce a lien arising from the payment of the taxes for years subsequent to his purchase.

3. *Lien for taxes; does not exist in favor of purchaser at tax sale as to subsequent taxes.*—A purchaser at a tax sale who subsequently pays taxes upon such property as its owner, can not, under the principle of subrogation, maintain a bill against the former owners of the lien, in order to enforce a lien alleged to have existed in favor of the State and county for the taxes subsequently paid by him, and to be reimbursed the

money so paid for the subsequent taxes; the purchaser at the tax sale in such case being a mere volunteer in paying the taxes and no lien in fact existing.

APPEAL from the Chancery Court of Colbert.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellant, the Tradesmans National Bank, against the Sheffield City Company, C. B. Ashe, as receiver of the Sheffield City Company, R. H. Wilhoyte, Thomas L. Fossick, as trustees, and E. F. Enslen. The purpose of the bill was to enforce a lien of the complainant alleged to exist in its favor upon land formerly owned by the Sheffield City Company, and which had been sold for taxes and purchased at said sale by the complainant.

In the original bill the following facts were averred: On the 29th September, 1894, the defendant, the Sheffield City Company, executed a deed of trust of all its property to Wilhoyte and Fossick for the benefit of creditors; that before said deed was made, in June, 1894, the complainant, Tradesmans National Bank, bought said property, 287 lots in Sheffield, at a tax sale for State and county taxes, received a certificate of purchase, and afterwards a deed to the property from the probate judge. Afterwards, in July, 1894, the same property was sold by the city of Sheffield for municipal taxes, and bought in by the complainant bank. A deed was accordingly made to it, and the property has been assessed ever since to complainant, and the taxes paid by it and by no one else.

In May, 1898, in the case of Enslen against the defendant company and one Harris, C. B. Ashe was appointed receiver of all the assets of the defendant company, and is now acting as such receiver, and he is not nor are said trustees taking any steps to redeem said property, and there are no assets of said corporation out of which said taxes so paid by complainant can be paid, except out of the said lots included in said tax sales. It is averred that E. F. Enslen claims to have a lien on said property by virtue of a judgment rendered against the defendant company, in the circuit court of Colbert county, on the

11th April, 1895, based on a claim which was due before the execution of said deed of trust.

The bill further alleges, that by reason of certain irregularities, said tax sales were ineffectual to pass the legal title (but not because the taxes were not due), and prays for the enforcement of the lien which the statutes of Alabama give to complainant for the payment of the money paid out for taxes on said property.

On the former appeal in this case the decree of the court was reversed and the cause was remanded. Upon the remandment of the cause the bill was amended. The substance of this amendment is sufficiently stated in the opinion.

To the bill as amended the respondents demurred upon several grounds, the substance of which demurrer is sufficiently stated in the opinion.

On the submission of the cause upon the demurrer, the chancellor, as stated in the opinion, overruled some of the grounds of demurrer and sustained the others. From this decree the complainant appeals, and assigns the rendition thereof as error.

SIMPSON & JONES and KIRK, CARMICHAEL & RATHER, for appellant.—The lien for taxes is a lien which exists independent of the remedy by action of ejectment, and can be enforced in a court of equity, both as to the amount of purchase money paid at the tax sale and as to taxes subsequently accruing and paid.—*Westmoreland & Trousdale v. Foster*, 60 Ala. 448; *Carmen & Begg et al. v. Ala. National Bank*, 101 Ala. 189.

The Supreme Court of Alabama has recognized the right to enforce the tax lien in the chancery court, in a case in which the city of Montgomery had, by proceedings in equity obtained a decree for the enforcement of a tax lien, and the Supreme Court sustained the action of the chancellor in refusing to enjoin the enforcement of said decree.—*Winter v. City Council of Montgomery*, 101 Ala. 649.

The principle is that it would be unjust and inequitable to allow one man in good faith to pay off incumbrances or liens on the land of another which the owner

would have had to pay if he had not, and then allow said owner to hold the lands free from said incumbrances. 24 Am. & Eng. Ency. of Law, 253, 257, 259; *Valle's Heirs v. Flemming's Heirs*, 29 Mo. 152; 77 Am. Decisions, 557, 564.

The doctrine of subrogation is broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which in equity and good conscience, should have been discharged by the latter.—Sheldon on Subrogation (2d ed.), § 1, p. 2.

This doctrine is fully recognized by our own court and it is stated that the right is not affected by the fact that the purchaser's title (under which he lifted incumbrances,) afterwards failed.—*Faulk v. Calloway*, 123 Ala. 325.

A purchaser at a void tax sale has a lien upon the land for the burden discharged by the purchase and for subsequent taxes paid.—*Bagley v. Castle*, 42 Ark. 77; *Wilson v. Brown*, 82 Ind. 471.

Where a party has paid taxes for years under the impression that he owned the land, and the title was found to be invalid, it was held that he was entitled to recover from the party who really owned the land, and should have paid the taxes.—*Goodman v. Moulton*, 51 Iowa, 555; *Goodman v. Litschfield*, 63 Iowa, 275.

JOSEPH N. NATHAN, contra, cited *Sheffield City Co. v. Tradesmans National Bank*, 131 Ala. 185.

HARALSON, J.—On the former appeal in this case, we decided after grave consideration, that the lien on real estate conferred by the statute upon the State and county by section 3921 of the Code, and which by force of section 4078 is assigned to the purchaser at tax sale, when the sale of the property for any cause is ineffectual to pass the title to him, exists only for the taxes for the particular year or years for which it was sold. It was further held, that the lien thus created in favor of the purchaser, when invalid for any other reason than that

the taxes were not due, does not arise and is not betow-
ed for taxes paid subsequent to the purchase, except at
the end and as a result of a judgment in ejectment for
the land sold, as authorized by sections 4083-4; and that
a purchaser, as in this case, who has subsequently to his
purchase, paid taxes on the property purchased by him,
but in whose favor there has been no judgment rendered
in an action of ejectment for the lands sold and pur-
chased, cannot maintain a bill in equity to enforce a lien
arising from the payment of taxes for years subsequent
to his purchase.   The statute creating the lien, as was
held, also created the remedy at law for the collection
of such taxes, which must be pursued.

The lands were sold in 1894 for taxes assessed against
them for the year 1893.   This suit was instituted, pri-
marily, not to enforce the lien of the State, assigned
under the statute to the purchaser, for the purchase
money paid at the tax sale in 1894 for the collection of
the taxes for 1893; but its chief object was to enforce
the lien for taxes for years subsequent thereto, when no
such lien existed, and could not exist under the statute,
except at the end of an ejectment suit in favor of com-
plainant, the purchaser, as provided in said section 4083.
The two liens, the one conferred by section 4078, on the
State and county, and upon the purchaser under that
section, when a tax sale by the State was ineffectual to
pass the title to him; and the other, for taxes voluntarily
paid by the purchaser in a subsequent year or years,
arising only at the end of an ejectment suit for the lands,
were held to be distinct, as much so as two different
mortgages on the same land to different persons, and
that these two liens are bestowed on different persons,
on different conditions, the latter having a 12 per cent
penalty imposed, by way of interest, not attached to the
former, and embracing municipal taxes, which the lien
given to the State does not cover.   We then said: "It
may be if the proceeding had been to enforce the lien of
the State for the year 1893, assigned under the statute
to complainant, that the chancery court, by virtue of its
jurisdiction generally to enforce liens, when no other
adequate, legal remedy exists or is provided, would have
had jurisdiction to entertain the action."   At first we

[Tradesmens National Bank v. Sheffield City Co.]

reversed the decree and dismissed the bill, on the ground that the chancery court had no jurisdiction to enforce the alleged lien. We were afterwards invited, on an application for a rehearing, to reconsider our holdings, and on elaborate argument by counsel on brief, we declined to do so, but modified our ruling to the extent of reversing and remanding the cause. We are now again requested to review our former decision. This appeal is confessedly a second application to rehear the case on the principles then announced. We are satisfied with the decision heretofore rendered, and must decline to interfere with it.

On the remandment of the cause, however, the complainant amended its bill by the addition of much matter we regard as entirely irrelevant to the issues, and claims that it has a lien for the amount bid at the State and county tax sale made in 1894 for taxes for the year 1893, and that as assignee of the rights and liens of the State and county, under section 4078 of the Code, it has the right to enforce in equity its assigned lien for the taxes of that year. Complainant also claims the right to be subrogated to what it alleges to be the rights of the State and county, and of the city of Sheffield, and entitled to be reimbursed the money voluntarily paid by it as owner of the lands to each of these, for the years subsequent to the year 1893.

The defendant demurred, on grounds, substantially, that complainant had no lien enforceable in equity for the amounts paid by it for the taxes of 1893, to the State and county, nor for taxes paid by it for any years subsequent thereto, to the State, county and city. The chancellor sustained the demurrer on all the grounds except the first, holding, that there was no equity in the bill as amended, except in so far as it seeks to enforce the lien for the purchase money paid at the tax sale for the year 1893. The complainant appeals to reverse that decree.

For the taxes for years subsequent to 1893, voluntarily paid by complainant, as has appeared, it had, and acquired no lien. There had been no sale of the property by the State to enforce its tax lien on the property.

and the defendant acquired none by way of assignment from the State. The State and county's liens were extinguished when complainant went forward and paid the taxes for these years. It is not shown that defendant ever agreed to pay these taxes, or became in any wise obligated to do so, as surety or otherwise. The taxes assessed against the lands for the years subsequent to their sale in 1894, were assessed, or given in for taxes by the complainant for itself, and not as agent of the defendant, or by virtue of any relation between the two, and so far as defendant was concerned, as to these matters, the complainant was a mere volunteer. The payments were made, not for or on account of defendant because of any supposed interest, or on account of any lien or incumbrance on the land with which defendant had any connection. Indeed no lien existed.—*Foster v. Trustees,* 3 Ala. 302; *Newbold v. Smart,* 67 Ala. 329; *Allen v. Caylor,* 120 Ala. 252; *Faulk v. Calloway,* 123 Ala. 326; *Gray v. Denson,* 129 Ala. 406; *Motes v. Robinson,* 133 Ala. 630.

We have not been shown, nor are we able to discover, upon what principle the doctrine of subrogation contended for can, under the facts of the case, be here invoked and applied.

We find no error in the decree below and it is affirmed.

Affirmed.