148 So. 326

### BOYCE v. MORROW.
### 8 Div. 452.

Supreme Court of Alabama.
May 18, 1933.

Street & Bradford, of Guntersville, for appellant.

P. W. Shumate, of Guntersville, for appellee.

FOSTER, Justice.

Appellee was plaintiff in statutory ejectment and claimed title under a deed from the state auditor by virtue of a tax sale made in 1922, at which the state became the purchaser. The defendant asserted no claim to the property, but testified that I. B. Hyde for the town of Guntersville, put him in possession, and he lived there since 1914, but paid rent to no one and had no agreement with the record owner of the title, to whom it was assessed for taxes for which it was sold. The suit was begun in February, 1929.

■ Since plaintiff did not show a previous possession, color of title was not sufficient alone to sustain such an action, though the defendant in possession made no claim to ownership. Bowling v. M. & M. Ry. Co., 128 Ala. 550, 29 So. 584; Payne v. Crawford, 102 Ala. 387, 14 So. 854; Louisville & N. R. R. Co. v. Philyaw, 88 Ala. 264, 6 So. 837; Beard v. Ryan, 78 Ala. 37; Bradshaw v. Emory, 65 Ala. 208; Toney v. Wilson, 61 Ala. 499; National Bank of Augusta v. Baker Hill Iron Co., 108 Ala. 635, 19 So. 47; Tapia v. Williams, 172 Ala. 18, 54 So. 613.

■ We have again very recently called attention to the fact that it is fatal to a tax sale of real property if it is not shown that the tax collector reported to the probate court that he was unable to collect the taxes assessed against such land without a sale of it. Gen. Acts 1919, p. 352, § 240; Craig v. Swader, 225 Ala. 366, 143 So. 553; Pollak v. Milam, 190 Ala. 569, 67 So. 381.

■ This record does not show that such report was made. It is not a sufficient excuse for such failure that the assessment made shows that the taxpayer only returned such personal property as was exempt from taxes. We know of no such excuse provided by law.

Plaintiff relied only on the tax title, and the defect mentioned is sufficient to prevent it from being effective.

Many other objections were made and insisted on, but we need not consider them.

This case having been tried by the judge without a jury, and upon evidence which we think does not show a right in plaintiff to recover, the judgment is reversed, and the cause remanded to enable the plaintiff to obtain the benefit of such right as he may have secured by section 3101, Code, or other law enacted for his benefit.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.