191 So. 342

**NOLEN v. CLARK et al.**

**7 Div. 540.**

Supreme Court of Alabama.

Oct. 5, 1939.

A. L. Crumpton, of Ashland, for appellant.

C. W. McKay, of Ashland, for appellees.

BROWN, Justice.

The bill, filed by appellant, sought sale of the lands described therein for division among the alleged joint owners, complainant claiming under a tax sale and deed executed by the Judge of Probate in pursuance thereof, to the complainant and the defendant. The defendant denied the joint ownership, asserting that said tax sale and deed are void. The court sustained the defendant's contention, denied relief and dismissed the bill, hence this appeal.

The lands involved were assessed for taxes for the year, 1931, as the property of "Hrs. S. J. Clark, Beat 10, Clay County." The tax collector's delinquent list filed by him with the Judge of Probate shows that the property was listed as property of "Clark, Hrs. Mrs. S. J. Beat 10." All the subsequent proceedings, including notice, decree, sale and deed, described the property as described in the delinquent list, and said proceedings did not show that the tax collector reported to the Probate Court that he was unable to collect taxes assessed against said land without a sale of it. The evidence is without dispute that the property belonged to the heirs of S. J. Clark, deceased, at the time of the sale.

The tax sale proceeding and deed are patently void for want of jurisdiction of the Probate Court to order the sale. Winsett et al. v. Winsett, 203 Ala. 373, 83 So. 117; Union Central Life Ins. Co. v. State ex rel. Whetstone, Tax Assessor, 226 Ala. 420, 147 So. 187; Singleton et al. v. Doe ex dem. Smith, 184 Ala. 199, 63 So. 949; Lewis v. Burch, 215 Ala. 20, 108 So. 854; Boyce v. Morrow, 226 Ala. 627, 148 So. 326.

After the final decree was entered dismissing the bill, but within thirty days thereof, appellant filed motion requesting the court to ascertain the amount of taxes for which the lands were liable at the time of the sale, formulating his motion under § 3101 of the Code 1923. The motion was overruled. This statute is in substance the same as appeared in the Code of 1886 as § 600, and has been running through the several Codes and Acts since said date. It appeared in the Code of 1896, as § 4083, in the Code of 1907 as § 2305, and was reenacted in the Acts 1915, p. 473, § 233, and in the Acts of 1919, p. 364, § 281.

It was construed in Sheffield City Co. et al. v. Tradesman's National Bank, 131 Ala. 185, 32 So. 598, as applicable only when plaintiff in ejectment claiming under tax title had failed because of the invalidity of the tax sale. This holding was reaffirmed on second appeal in that case, 137 Ala. 547, 34 So. 625.

In the several readoptions and reenactments of this statute there was no material change in the verbiage, and it must be assumed that the Legislature was familiar with its interpretation by this court and was satisfied therewith.

The rulings of the Circuit Court appear to be free from error.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.