WRIGHT, Presiding Judge.
This case arose from an escape tax assessment levied by the Director of Revenue of Jefferson County against a 1964 International truck. The owner of the truck, Alabama Leasing Company, appealed to the Circuit Court of Jefferson County. From a judgment holding that the truck was not subject to assessment for taxes in Jefferson *1351 County, the State appeals. We reverse and remand.
The case was submitted to the circuit court on stipulation. The company was incorporated and has its principal place of business in Jefferson County. The operations of the truck were directed from the company’s office in Jefferson County. The drivers of the truck were directed and paid out of the company’s Birmingham office. The truck was regularly leased to Colonial Refrigerated Transportation, Inc., and sometimes loaded and unloaded at Colonial’s terminal in Birmingham. The truck received and delivered substantially more freight in Jefferson County than in St. Clair County, thereby generating substantially more revenue in Jefferson County. The truck was in Jefferson County substantially more times and for longer periods of time than St. Clair County.
The company maintained no office or communications facility in St. Clair County from which the truck’s operations could be directed. There was no loading dock in St. Clair County at which the truck regularly called. However, the truck was sometimes used in St. Clair County as this was the route available for traffic from Jefferson County to points east.
During the years in question the company assessed the truck for taxes and purchased tags for it in St. Clair County. The company has not assessed or paid taxes on the truck in Jefferson County. The escape assessment issued by the Director of Revenue of Jefferson County concerns only city and county taxes, as state ad valorem taxes are collected at a uniform rate throughout the state.
The circuit court, relying on Brown v. Dixie Highway Express, Inc., 270 Ala. 46, 116 So.2d 369, held that under Title 51, Sections 704 and 877 the company was entitled to assess the truck in St. Clair County because it was used and operated to a substantial extent in St. Clair County. The truck being properly assessed in St. Clair County, Jefferson County could not issue an escape assessment on the vehicle. Title 51, Section 711, Code of Alabama (1940).
Section 877 applies only to Jefferson County. At the time of the Brown decision Sections 704(a) and 877(a) were substantially identical. Brown turned on the meaning of the phrase “county in which said motor vehicle is used or operated” in the first sentence of Sections 704(a) and 877(a).
In 1961, the legislature amended Section 704 by Act 660. The first sentence was left intact. However, the second sentence, requiring the vehicle operator to assess the vehicle, was amended so that Section 704(a) reads as follows:
“To prevent motor vehicles within the meaning of this article from escaping taxation and to provide for a more efficient assessment and collection of taxes due on same, no license shall be issued to operate a motor vehicle on the public highways of this state, nor shall any transfer be made by the probate judge as provided under this article, until the ad valorem tax on such vehicle shall have been paid in the county for the preceding tax year, as evidenced by a receipt of the tax collector where the owner of said vehicle resides, if the vehicle is owned by an individual, or if the vehicle is owned by a firm, corporation or association, then as evidenced by the receipt of the tax collector in the county in which said motor vehicle is used or operated. Every person who desires to operate a motor vehicle on the public highways of Alabama shall first return such motor vehicle for ad valorem taxation to the tax assessor of the county in which he resides, and every firm or corporation that so desires to operate a motor vehicle shall first return such motor vehicle for ad valorem taxation to the tax assessor of the county from which such motor vehicle is used or operated, and the tax assessor of such county shall deliver to the person who makes the return as herein required, a certificate of assessment on a form prescribed by the department of revenue, and such certificate shall be the warrant *1352 of the tax collector to collect the tax as shown thereon . . . ” (Emphasis supplied.)
The State contends that the underlined portion requires that a vehicle owned by a corporation be assessed in the county from which it is operated, that being Jefferson in this case.
Act 660 did not amend Section 877 which governs ad valorem taxation of motor vehicles in Jefferson County. As revenue statutes, both Sections 704 and 877 must be construed together in pari materia. Union Central Life Ins. Co. v. State, 226 Ala. 420, 147 So. 187. The legislative intent, expressed in Section 704, to provide for a more efficient assessment and collection of ad valorem taxes on motor vehicles would best be served by construing Act 660 as applicable to Section 877(a), as this provides for a uniform statewide system for assessing and collecting taxes. A construction that Act 660 does not apply to Section 877 would create a different system for assessing or collecting taxes in Jefferson County and would therefore be contrary to Section 104(15) of the Alabama Constitution. We therefore hold that the provisions of Act 660 apply to Title 51, Section 877.
Brown construed Section 704 according to the facts therein presented to mean that “over the road” trucks belonging to a foreign corporation based in Mississippi could lawfully purchase Alabama licenses and pay Alabama ad valorem taxes in a county where its trucks were substantially used and operated. Such construction clearly was based upon a factual comparison of mileage and purchase of fuel between Sumter County and Jefferson County. It was stated therein that the evidence goes to show that “the ‘over the road’ vehicles were used more extensively on the highways of Sumter County than in Jefferson County, so the conclusion could be reached that they were principally used in Sumter County as compared with other counties of the state, including Jefferson County.” Brown further stated, “The appellee, therefore, has the privilege of selecting Sumter County as a place of assessing the property for taxation and the purchase of license tags.”
It appears that the above language in Brown has been understood by the trial court to mean that under Section 704 a motor vehicle has no particular situs for assessment and payment of ad valorem taxes, but its owner may select a situs based upon a criteria of “substantial use and operation.” We do not so construe Brown.
The court in Brown had before it a foreign corporation engaged in interstate commerce operating its ‘over the road’ trucks in and through Alabama. It had several terminals in Alabama where its trucks came to discharge and load cargo. Its “over the road” trucks were not designed to operation of any particular terminal and were not used or operated from a particular terminal but were continually moving through the various terminals and returning ultimately to the home base in Mississippi for layover, repairs and maintenance. It was shown that in moving into and out of Alabama the trucks used the highways of Sumter County and purchased fuel there to a greater extent than in Jefferson County, and, the court stated, to a greater extent than in any other county of the state. Therefore, for tax purposes, the evidence supported a finding that the trucks were principally used and operated in Sumter County.
We do not construe Brown as meaning literally that an owner of motor vehicles has the privilege of selecting its own tax situs. Such situs is prescribed by the taxing authority. Section 704 establishes such situs as the county in which the individual owner resides or the county in which corporate property is used or operated. The amendment of Section 704 in 1961 to provide that a corporate owner must assess its motor vehicles in the county from which they are used or operated does not appear to materially change the meaning of the statute.
As we see it, when the statute provides that taxes shall be paid in the county of residence of the owner or the county in which or from which the vehicle is used or *1353 operated, there can be only one such county. The statute does not say a county in which it is used or operated. It says “the county.” Brown says the factual basis of determining “the county” for taxation is principal use and operation as compared to any other county.
In the instant case, we are not dealing, as was Brown, with a foreign corporation, but with a domestic corporation engaged in the business of owning and leasing motor trucks and trailers to companies involved in interstate commerce. Its home office is located in Jefferson County. For the tax year involved the truck involved was leased and its operation directed from the office in Birmingham. It often loaded and unloaded at the terminal of the lessee in Birmingham. Wages of the driver were paid in or sent from the office in Birmingham. Substantially more freight was loaded in Jefferson than in St. Clair County. There was no evidence of the mileage driven or fuel purchased in St. Clair County. There was no terminal from which it loaded or unloaded in St. Clair County. There was no direction of the operation of the truck from St. Clair County. The only material connection that St. Clair County had with the truck was that if it left Jefferson County and proceeded east it by necessity used the highways in St. Clair County. It would appear that it equally used the highways in every other county through which it must by necessity pass to exit the state.
The stated purpose of Section 704 is to prevent motor vehicles from escaping taxation and provide a more efficient assessment and collection of taxes due on same. It provides for two events. First, the probate judge is directed not to issue a license until he is provided with a receipt from the tax collector of the county in which the vehicle is used and operated showing payment of ad valorem taxes for the preceding tax year. Second, every corporation desiring to operate a motor vehicle is directed to return such motor vehicle for ad valorem taxation to the tax assessor of the county from which such motor vehicle is used or operated. It further appears that, under the stipulation, there is no question that Jefferson County was the county in or from which the truck was used and operated — certainly in relation to St. Clair County-
What we have said is that there is a particular situs for assessment and payment of ad valorem taxes of motor vehicles and purchase of license tags. Such situs is determined by the county of an individual’s residence and by the county in or from which a corporate vehicle is used and operated. If the corporate owner assesses its vehicles in a county other than the county from which such vehicle is used or operated it has improperly assessed. It presents no problem for such owner to assess in the proper county. It knows which is the county from which or in which it principally uses and operates its vehicles.
We cannot and do not overrule Brown v. Dixie Highway Express, Inc., supra, but consider our decision here in conformity therewith.
Reversed and remanded.
BRADLEY and HOLMES, JJ., concur.