MADDOX, Justice.
This Court agreed to review this case to consider the following question: May a domestic corporation properly pay the state ad valorem taxes on (and purchase the license tags for) a motor vehicle in any county in which the motor vehicle is used or operated to a substantial extent, or must the taxpayer pay the tax and purchase the tag for such vehicle only in the county from which the corporate taxpayer operates its vehicle?
The trial court ruled that the corporate taxpayer could properly assess its trucks in any county in which it was used or operated to a substantial extent. The Court of Civil Appeals reversed, Ala.App., 336 So.2d 1350, holding that a corporate vehicle has one situs for assessment and payment of ad valorem taxes — the county in or from which the vehicle is used or operated. Both courts based their conflicting decisions upon Brown v. Dixie Highway Express, Inc., 270 Ala. 46, 116 So.2d 369 (1959) and Title 51, Code of Alabama § 704, and § 877, as amended.
*1355 The ease is before us upon stipulated facts. The taxpayer, Alabama Leasing Company, was incorporated in Alabama in 1960 with its certificate of incorporation designating Birmingham as its principal place of business. The company was formed for the purpose of operating and leasing motor vehicles in transporting freight for hire. The vehicle involved is a 1964 International truck.
The taxpayer has much more contact with Jefferson County than with St. Clair County. From the company’s principal place of business in Birmingham, it directs the movements of the truck and keeps records of its movements. The company made more money from freight the truck carried to or from Jefferson County than from freight the truck carried to and from St. Clair County. Although the truck was in Jefferson County for longer periods than in St. Clair County, it did not remain in either county for any significant length of time because it traveled throughout the United States on irregular routes. During the years involved, the taxpayer purchased tags and assessed the truck for ad valorem taxes in St. Clair County.
In May of 1970, the Director of Revenue of Jefferson County levied an escape tax assessment against the truck for the three tax years involved. The company appealed the assessments to the Circuit Court, contending that having assessed the truck for taxes in St. Clair County, and having secured the tag from the Probate Judge of St. Clair County, it was not required to assess the truck for taxes in Jefferson County or to secure the tag from the Director of Revenue of Jefferson County.
We conclude that this case is controlled by Brown v. Dixie Highway Express, Inc., 270 Ala. 46, 116 So.2d 369 (1959). The question presented in Brown was whether a carrier, which had a terminal in Birmingham but used the roads of Sumter County more extensively than it used the roads of Jefferson County, could select Sumter County as the place of assessing the property for taxation and the purchase of license tags. This Court held that the carrier could select Sumter County.
Brown interpreted Section 704 of Title 51, which provided, in part:
“To prevent motor vehicles within the meaning of this article from escaping taxation and to provide for the more efficient assessment and collection of taxes due on same, no license shall be issued to operate a motor vehicle on the public highways of this state, nor shall any transfer be made by the probate judge as provided under this article, until the ad valorem tax on such vehicle shall have been paid in the county for the preceding year, as evidenced by a receipt of the tax collector where the owner of said vehicle resides, if the vehicle is owned by an individual, and if the vehicle is owned by a firm, corporation or association, then as evidenced by the receipt of the tax collector in the county in which said motor vehicle is used or operated. . . . ”
The Court of Civil Appeals interpreted Brown as follows:
“Brown says the factual basis of determining ‘the county’ for taxation is principal use and operation as compared to any other county.”
The Court of Civil Appeals has erroneously interpreted the rule announced in Brown. This Court was asked in Brown to base its conclusion upon the fact that the vehicles were principally used in Sumter County. It declined, using the following language:
“It is argued in one of the amicus curiae briefs that to construe the statute to mean substantial use and- operation was incorrect, but to the contrary the statute should be construed to mean that the place of taxation should be where the vehicles were principally used and operated. This argument impresses us as being the difference between ‘tweedle-dum and tweedle-dee’, since the evidence goes to show that the ‘over the road’ vehicles were used more extensively on the highways of Sumter County than in Jefferson County, so the conclusion could be reached that they were principally used *1356 in Sumter County as compared with the other counties of the state, including Jefferson County.”
In passing Section 704, the Legislature intended, as this Court held in Brown, to provide an equitable and expedient solution and allow the carrier the privilege of selecting a county in which its vehicles were substantially used.
It is argued that when the Legislature amended Section 704 in 1961, Brown was overruled. We cannot accept that argument. This Court’s decision in Brown was primarily based upon the first sentence of Section 704. In 1961 the Legislature amended several portions of Section 704, but made no significant change in the first sentence of that section. In an Attorney General’s opinion, found at 127 Quarterly Reports of the Attorney General 25 (1967), the view is expressed that by changing the word “in” to “from” in the second sentence of Section 704, the Legislature effectively overruled this Court’s decision in Brown. We disagree. Had the Legislature intended to overrule this Court’s decision in Brown, it could have altered the language this Court relied upon in reaching its decision. In fact, re-enacting the first sentence of Section 704 without substantial change, the Legislature could be said to have adopted this Court’s construction of that sentence. See Nolen v. Clark, 238 Ala. 320, 191 So. 342 (1939). Since Section 704 is a taxing statute, any ambiguity must be construed strictly against the taxing authority and liberally in favor of the taxpayer. S & S Distributing Co. v. Town of New Hope, Ala., 334 So.2d 905 [1976], Alabama Ice & Utilities Co. v. City of Montgomery, 252 Ala. 131, 40 So.2d 198 (1949); Paramount-Richards Theatres v. State, 252 Ala. 54, 39 So.2d 380 (1949).
We hold that a corporate taxpayer may pay ad valorem taxes on, and purchase license tags for, its vehicles in any county with which the vehicles have substantial contact. Therefore, the opinion of the Court of Civil Appeals is reversed.
REVERSED AND REMANDED.
BLOOD WORTH, FAULKNER, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
HEFLIN, C. J., and JONES, J., dissent.