BRADLEY, Judge.
This case arose from an escape tax assessment levied by the director of revenue of Jefferson County against a number of trucks owned by Deaton, Inc. Deaton, Inc. *379 appealed the applicability of the escape tax assessments to the Circuit Court of Jefferson County.
Although Deaton initiated its appeal to the circuit court in 1969, the case was continued while the parties and the circuit court awaited the outcome of a companion case involving substantially the same issues as those involved in Deaton’s appeal. The companion case, State Department of Revenue v. Alabama Leasing Company, Ala., 336 So.2d 1353 (1976), was decided in July of 1976 and the Deaton litigation then proceeded. On August 25, 1976 Deaton filed a motion for summary judgment. The State filed two responses to Deaton’s motion and the State’s second response to the motion for summary judgment urged that the motion be denied for two reasons: (1) Title 51, section 704, Code of Alabama 1940 (Recomp. 1958) (currently found in Title 40, chapter 12, section 253, Code of Alabama 1975), which had been construed by the Alabama Supreme Court in Alabama Leasing Company to allow a corporate taxpayer the privilege of paying ad valorem taxes on its vehicles in any county provided such vehicles had substantial contact with the county of payment, violated Article XI, Section 217 of the Constitution of Alabama 1901; and (2) the term “substantial contact” used by the supreme court in Alabama Leasing Company was so vague and indefinite that section 704 was rendered unenforceable by the application of such a standard to it. The circuit court rendered a summary judgment in favor of Deaton on January 10, 1977 and from that judgment the State appeals.
In addition to the two issues raised in its response to Deaton’s motion for summary judgment in the proceeding below, the State of Alabama also asserts on appeal that the circuit court erred in granting Dea-ton’s motion for summary judgment.
The first issue for our consideration is the State’s contention that the supreme court’s interpretation of section 704 in Alabama Leasing Company violates the requirement of Section 217 of the Alabama Constitution mandating that the property of private corporations and individuals be taxed at the same rate. In support of this argument, the State maintains that the Alabama Leasing Company decision permits a corporation to assess its motor vehicles for taxation in any county with which those vehicles have substantial contact while the individual owner of a motor vehicle must assess his vehicle for taxes in the county of his residence. And on this basis, the State urges that this court hold section 704 (as construed in Alabama Leasing Company) unconstitutional and in violation of Article XI, Section 217 of the Constitution of Alabama 1901 which provides:
“The property of private corporations, associations, and individuals shall forever be taxed at the same rate.”
The appellate courts of this state are authorized by our constitution to interpret and construe Alabama law. And when the meaning of a tax statute is unclear, it is the duty of this court and the supreme court to resolve the ambiguity of language or uncertainty of meaning in favor of the taxpayer and against the taxing authority. Connrex Corporation v. Department of Revenue, 51 Ala.App. 420, 286 So.2d 296 (1973). Moreover, the court of civil appeals is without authority to overrule the decisions of the supreme court. Jones v. City of Huntsville, 288 Ala. 242, 259 So.2d 288 (1972).
The Supreme Court of Alabama held in Alabama Leasing Company that section 704 accorded a corporate taxpayer the privilege of paying ad valorem taxes on its vehicles in any county with which the vehicles have substantial contact and we are compelled to follow that decision in the present case.
We would further note that so far as we can determine, the constitutionality of section 704 (when considered in conjunction with Section 217 of the Alabama Constitution) was not presented to the supreme court for resolution in the Alabama Leasing Company case. Nonetheless, the constitutional argument raised by the State on its appeal to this court does not warrant a deviation from the supreme court’s holding in Alabama Leasing Company. We find no contradiction between the conclusion *380 reached in Alabama Leasing Company and the provision in our constitution requiring that corporations and individuals be taxed •at the same rate.
The constitutional section at issue in this case, Section 217, is merely a provision mandating that tax laws operate alike on all persons similarly situated or circumstanced. The language “taxed at the same rate” means uniformity in taxation. Uniformity of taxation requires that the tax have the same force and effect in every place where the subject of it is found. For example, a corporation that does business in a county to such an extent that the corporation can establish its right to rely on the “substantial contact” rule in the purchase of license tags for its trucks (and the payment of ad valorem taxes thereon) will pay the same rate of taxation in the county of “substantial contact” as does the individual resident of that county who buys his motor vehicle license there. Both the corporate and individual taxpayer pay the same rate of taxation and the tax has the same force and effect on both. Consequently, if the ad valorem tax rates which are established by the various counties treat the individual taxpayers who reside in the county in the same manner or on an equal basis as the corporate taxpayers having “substantial contact” with the county, Section 217 of the Alabama Constitution requiring that corporations and individuals be taxed at the same rate is complied with. We find no unconstitutional application of section 704 in the instant case.
The second issue presented for our consideration on this appeal concerns the State’s argument that the term “substantial contact” used by the supreme court in Alabama Leasing Company is so vague and indefinite that the State is incapable of discerning what is meant by the term in seeking to enforce escape tax assessments in instances where the requirements of section 704 are ignored. Consequently, the State asserts that the supreme court’s use of such language has in effect nullified the purpose of section 704 (which was to prevent motor vehicles from escaping taxation).
However, an attempt by this court to interpret the meaning of the “substantial contact” test adhered to by the supreme court in the Alabama Leasing Company case would constitute an unnecessary and undesirable interference with the authority of the supreme court to delineate the scope and nature of its own judicially created test. Moreover, should we in fact agree with the State that the term “substantial contact” is so vague and indefinite that section 704 is incapable of being enforced, we would in effect overrule the supreme court’s decision in Alabama Leasing Company. We have no such authority. Jones v. City of Huntsville, supra. Therefore we pretermit any consideration of this issue.
The final issue presented for review is based on the State’s claim that the trial court erred in granting Deaton’s motion for a summary judgment. Specifically, the State contends the court’s action was not in accordance with Rule 56, ARCP, requiring that a motion for summary judgment be denied if there is a genuine issue as to any material fact.
The facts with respect to this issue are as follows. The escape assessments levied by the State on Deaton, Inc. were based on the fact that Deaton maintained its business office and freight depot in Jefferson County yet purchased its tags and paid the ad valorem tax on its vehicles in eight other counties of Alabama. However, relying on Alabama Leasing Company, Deaton took the position that it was correct in purchasing its tags and paying ad valorem taxes in counties other than Jefferson County since Deaton freight trucks had “substantial contact” with those other counties. Accordingly, Deaton argued that it had not escaped taxation on its trucks and thus it was not liable for the escape tax assessments levied by the State. And upon appeal of the assessments to the circuit court Deaton moved for a summary judgment on the basis of the aforementioned contention.
In support of its motion for summary judgment Deaton presented the affidavit of C. N. Knox, vice president of Deaton, Inc. *381 Knox’s sworn affidavit stated: (1) that during the tax years at issue Deaton purchased its tags and paid the ad valorem taxes in various counties which surrounded Jefferson County and through which its vehicles traveled; and (2) that all of Deaton’s vehicles, except the local delivery trucks, had substantial contact with the counties where Deaton paid its ad valorem taxes and purchased its license tags during the years for which the State sought to levy its escape tax. Knox also stated that the vehicles in question picked up and delivered freight in each county where Deaton had purchased license tags and that Deaton trucks frequently traveled through the counties in question. The State made no showing of evidence which would contradict the affidavit by Knox. Instead, the State contended that since Knox did not specify, describe or in any other manner identify the particular trucks which had contact with the eight counties outside Jefferson County, the circuit court should conclude that the Deaton trucks which traveled to and from these eight counties were not the same trucks which were named (and specified) in the State’s tax assessment.
Deaton’s motion for summary judgment was subsequently continued by the circuit court and during the interval between the date on which the motion was filed and the date set for a ruling on the matter, the State deposed two additional officers of Deaton, C. B. McElroy and E. H. Moore. The depositions of these two men disclose that they were in agreement with Knox’s affidavit stating that Deaton trucks made substantial contacts with eight counties other than Jefferson County. Moreover, these two employees confirmed that Deaton’s trucks regularly traveled through the counties in question and that fuel was often purchased for the trucks in those counties; furthermore, McElroy and Moore reiterated that Deaton trucks picked up and delivered freight in the previously mentioned counties. It was also stipulated at the depositions that Knox did not have any more definite information regarding the contacts of the Deaton vehicles with the counties of their respective registrations during the tax years in question and that when the State’s action had originally begun, Deaton had in its custody various business records relating to freight shipments, gasoline purchases and truck dispatches which had subsequently been destroyed in the ordinary course of business.
Despite the presentation of evidence by Deaton in behalf of its motion for summary judgment, the State did not introduce specific facts which tended to contradict the factual showing by Deaton. Nor did the State question the destruction of the records and its effect on the State’s efforts to prove that Deaton had escaped paying taxes in Jefferson County. As a consequence the State failed to demonstrate by its own affidavits or otherwise that there was a genuine issue of fact for trial which would preclude the granting of a summary judgment. Instead, the State responded to Dea-ton’s motion by filing a memorandum of law and extensive interrogatories seeking to obtain information from Deaton as to each of the one hundred forty-three trucks against which the escape assessments were made. Moreover, the State did not request that a ruling on the motion for a summary judgment be withheld until answers to the interrogatories were completed; indeed, the State asked the circuit court to rule on the motion which Deaton had made. And acting pursuant to this request, the court rendered the following order granting Deaton’s motion for summary judgment:
“After having given due and careful consideration to all of the evidence presented in support of and in opposition to the motion for summary judgment, the Court is of the opinion that there is no genuine dispute as to any material fact or issue in the case. The Court is of the opinion that the facts presented in support of the motion are much stronger for the defendant, Deaton, Inc., than were the facts considered by this Court and affirmed by the Supreme [Court] in the case of The State of Alabama, Department of Revenue of Jefferson County, Alabama vs Alabama Leasing Co., a corp.
[[Image here]]
*382 We do not believe the circuit court erred in granting the motion for summary judgment on the basis that there was no genuine dispute as to any material issue in the case.
In situations where a defendant seeks a summary judgment a factual showing by the defendant-moving party is generally required before a summary judgment can be granted. Such a factual showing may be supported by affidavits, depositions, answers to interrogatories or admissions on file. The information contained in such documents should be sufficient to demonstrate to the court that the case is one in which a searching judicial evaluation of the sufficiency of the plaintiff-non-moving party’s evidence is necessary before the case is permitted to go to trial. And if the plaintiff-non-moving party makes no evidentiary or factual showing in opposition to the defendant’s motion, the trial court may enter a summary judgment in favor of the defendant-moving party on the grounds that an adverse party “may not rest upon the mere allegations or denials of pleading,” but must instead, by affidavits or otherwise, “set forth specific facts showing that there is a genuine issue for trial.” Rule 56, ARCP.
In the instant case there was no evidentiary or factual showing by the State which would demonstrate a genuine issue of fact. The material issue of fact in view of Alabama Leasing Company was (1) whether the vehicles owned by Deaton, Inc. had “substantial contact” with the counties in which Deaton purchased the license tags for and paid the ad valorem taxes on its trucks and (2) whether the vehicles for which tags were purchased and taxes paid were the same vehicles as those which the State originally assessed as having escaped taxation. The affidavits and depositions presented by Deaton indicated that its vehicles had had “substantial contact” with eight counties outside of Jefferson County during the tax years in question. The State offered nothing to contradict this fact nor did it demonstrate that the material issue of “substantial contact” was in dispute. And in view of the fact that no records or evidence existed which could subsequently be presented at a trial in support of the State’s contention that the Deaton trucks which traveled to and from the counties in which tags were purchased were not the same trucks which were named and specified in the State’s tax assessment, we cannot say that the circuit court acted improperly in granting a motion for summary judgment. Consequently, the circuit court’s order granting summary judgment is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.